ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
ROBERT W. SPENCER (SBN 238491)
rspencer@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861

SCOT BERNSTEIN (SBN 94915)
swampadero@sbernsteinlaw.com
**LAW OFFICES OF SCOT D. BERNSTEIN,
A PROFESSIONAL CORPORATION**
101 Parkshore Drive, Suite 100
Folsom, California 95630
Telephone: (916) 447-0100
Facsimile: (916) 933-5533

Attorneys for Plaintiffs
FRANK SICA and GARY ELLIS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANK SICA and GARY ELLIS, on behalf of themselves, and all others similarly situated, | Case No: 4:21-CV-0188-JSW |
| Plaintiffs, | <u>CLASS ACTION</u> |
| v. | **CLASS ACTION COMPLAINT FOR:**<br>1. **UNFAIR BUSINESS PRACTICES;**<br>2. **VIOLATIONS OF THE LABOR CODE;** |
| CONSTRUCTION & TURNAROUND SERVICES, L.L.C., | 3. **PENALTIES; and**<br>4. **ATTORNEYS' FEES.** |
| Defendant. | **<u>DEMAND FOR JURY TRIAL</u>** |

**FIRST AMENDED COMPLAINT**                                **CASE NO. 4:21-CV-0188-JSW**

Plaintiffs FRANK SICA and GARY ELLIS, on behalf of themselves and all others similarly situated, complain against Defendant CONSTRUCTION & TURNAROUND SERVICES, L.L.C. (referred to as "Defendant" or "CONSTRUCTION & TURNAROUND") as follows:

## I.  JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiffs' claims, based on, among other statutes, California Business & Professions Code §§ 17200, *et seq.*, and California Labor Code §§ 201-203, 226.7, 510, 512, 1194, 1194.2, 1197, and 1197.1. Plaintiffs do not allege claims founded directly on rights created by a collective bargaining agreement or claims substantially dependent on analysis or interpretation of a collective bargaining agreement, and expressly disclaim any such claims.

2. This Court has personal jurisdiction over the parties because, at all relevant times, Plaintiffs were California residents who worked in California for Defendant and Defendant systematically and continuously has conducted business in the State of California.

3. Venue lies in the Northern District of this Court pursuant to 28 U.S.C. §§1441 and 1446(a) because Defendant removed this action from the Superior Court of the State of California for the County of Alameda. Defendant therefore removed this action to the United States District Court for the Northern District of California as it was the district embracing the place where this action was pending. Further, venue was proper for Plaintiffs' original Complaint as California Code of Civil Procedure §§ 395 and 395.5, and case law interpreting those sections, provide that if a business entity fails to designate with the office of the California Secretary of State a principal place of business in California, it is subject to being sued in any county in the state that plaintiff desires. On information and belief, as of the date on which the original Complaint was filed, Defendant CONSTRUCTION & TURNAROUND SERVICES, L.L.C., was an Oklahoma limited liability company and had failed to designate a principal place of business in California with the office of the Secretary of State. According to the most recent statement of information filed with the California Secretary of State, Defendant CONSTRUCTION & TURNAROUND SERVICES, L.L.C. has no designated principal place of business within California and its principal place of

**FIRST AMENDED COMPLAINT**        1        **CASE NO. 4:21-CV-0188-JSW**

business is located at 1900 N. 161st E. Avenue, Suite B, Tulsa, Oklahoma 74116.

## II.     PARTIES AND BACKGROUND

4.      Plaintiff FRANK SICA is an adult who worked for Defendant as a non-exempt hourly employee.  He worked for Defendant as a pipefitter on a project at the Chevron refinery in Richmond, California from approximately December 4, 2018 until Defendant terminated his employment without explanation on March 10, 2019.

5.      Plaintiff GARY ELLIS is an adult who worked for Defendant as a non-exempt hourly employee.  He worked for Defendant from approximately January 2018 through March 2018 as a pipefitter on a project at the Chevron refinery in Richmond, California.  Plaintiff ELLIS' employment ended at his request when he asked for a medical layoff.

6.      Defendant Construction & Turnaround Services, L.L.C. is an Oklahoma limited liability company doing business throughout California and is a "person" as defined by California Labor Code § 18 and California Business and Professions Code § 17201.  In addition, it is an "employer" as that term is used in the California Labor Code and in the California Industrial Welfare Commission's ("IWC") Orders regulating wages, hours, and working conditions.

7.      Plaintiffs bring this action on behalf of a proposed state-wide class of hourly non-exempt on-site employees who worked at CONSTRUCTION & TURNAROUND locations in California to challenge Defendant's (a) policy and practice of failing to pay any wages whatsoever, including the minimum wage, to employees for compensable pre-shift and post-shift time[1], including but not limited to time spent traveling on and/or waiting for and/or operating company-provided transportation to, from and/or within the refineries and other facilities, donning and doffing safety gear, and/or otherwise working or under Defendant's control; (b) policy and practice of violating California Labor Code §§ 226.7 and 512 and IWC Wage Order 16-2001 by failing to provide meal periods to employees, including second meal periods to

---

[1] References in this Complaint to "pre-shift" time and "post-shift" time refer to time worked and time spent under the Defendant's control before and after the "shift" defined by Defendant.  Thus, "shift" for these purposes refers to the working time for which Defendant actually paid its employees rather than to all of the time during which they were under Defendant's control and/or were performing work for Defendant.

**FIRST AMENDED COMPLAINT**                    2                    **CASE NO. 4:21-CV-0188-JSW**

employees who worked more than 10 hours in a day; and (c) policy and practice of violating California Labor Code §§ 201-203 by failing to pay former employees all wages due and owing at the time of discharge or voluntary quit.

8.   Plaintiffs bring this action on behalf of themselves and a proposed class of all hourly non-exempt on-site workers employed by CONSTRUCTION & TURNAROUND at client locations within the State of California at any time during the four-year period preceding the filing of this Complaint (as extended and augmented by all applicable tolling rules and period(s) of tolling, which include but are not limited to tolling under Emergency Rule 9 of the California Rules of Court) and up through the present and until compliance with the law.  Plaintiffs seek recovery of all allowable compensation and other sums for the violations described above, including unpaid minimum wages, Labor Code § 1194.2 liquidated damages for failure to pay all statutorily-mandated minimum wages, penalties/premium pay for missed meal periods, restitution and restoration of sums owed and property unlawfully withheld, statutory penalties, interest, attorneys' fees, and costs.

### III.   FACTUAL ALLEGATIONS

9.   CONSTRUCTION & TURNAROUND provides workers on a contract basis for its clients that operate power plants or other industrial plants.  The work is performed at multiple locations in the State of California, including but not limited to the Chevron refinery in Richmond, California.

10.   At all relevant times, Plaintiffs were employed by CONSTRUCTION & TURNAROUND as hourly non-exempt employees in an on-site construction occupation as defined by § 2(C) of IWC Wage Order 16-2001.  During the majority of his employment with CONSTRUCTION & TURNAROUND, Plaintiff SICA's schedule was to work six days per week and 10 or more hours per day.  During the majority of his employment with CONSTRUCTION & TURNAROUND, Plaintiff ELLIS's schedule was to work six days per week and 12 hours per day or more.

11.   Labor Code § 1194 requires that employers pay employees at least the minimum wage for all hours worked. Defendant had a policy and practice of failing to pay any wages

1  whatsoever, including the minimum wage, to employees for compensable pre-shift and post-shift
2  time, including time spent traveling on and/or waiting for and/or operating company-provided
3  transportation to, from and/or within the refineries and other facilities and donning and doffing
4  safety gear.

5  12.  On almost every day they worked, Plaintiffs and other putative class members spent pre-shift time performing activities for they were not paid any wages whatsoever. Plaintiffs and other putative class members park in an assigned "craft" parking lot. They then badge-in at a turnstile as a security precaution. Doing so does not start their paid time. After passing through the turnstile, Plaintiffs and putative class members wait for and board a bus that transports them to a lunch tent. From there, they disembark and walk to a shipping container where they wait and pick up a fire-resistant NOMEX suit. They then travel to the designated location of their safety meeting, where their paid time begins at the designated shift start time. Their time is kept by their foreman. They are paid based on their scheduled shift time rather than the longer time that they actually have worked. Plaintiffs estimate that the entire process of entering the refinery, taking the bus, picking up a NOMEX suit, and traveling to the designated location of their safety meeting takes 45 minutes to one hour. That time is unpaid.

13.  Further, Labor Code § 1194.2 provides for liquidated damages for violations of the Labor Code § 1194 statutory minimum-wage requirements. Plaintiffs, on behalf of themselves and other putative class members, seek the liquidated damages available under Labor Code § 1194.2.

14.  At all relevant times, Labor Code §§ 226.7 and 512 and IWC Wage Order 16-2001, § 10(B) require employers to provide employees with (1) a first meal period of not less than 30 minutes' duration, during which they are relieved of all duty, before they have worked more than five hours in a day and (2) a second duty-free meal period of not less than 30 minutes' duration, during which they are relieved of all duty, before they have worked more than 10 hours in a day. Additionally, as alleged herein, Plaintiffs and other putative class members worked more than 10 hours in a day and CONSTRUCTION & TURNAROUND had a policy and practice of failing to provide them with all timely and required uninterrupted meal periods of at

**FIRST AMENDED COMPLAINT**  4  **CASE NO. 4:21-CV-0188-JSW**

1  least 30 minutes' duration.  Plaintiffs allege that they and, on information and belief, other putative class members never waived their right to a second meal period.  Further, Plaintiffs and other putative class members sometimes worked more than 12 hours in a day.  Under Labor Code § 512(a), second meal periods are not waivable for employees who work more than 12 hours in a day.  Plaintiff SICA estimates that he worked more than 12 hours in a day on-the-clock approximately twice a week.  Plaintiff ELLIS estimates that he worked more than 12 hours in a day on-the-clock approximately once a week.  Further, information related to how many shifts that Plaintiffs and putative class members worked more than 12 hours on-the-clock is contained in their time records that are in Defendant's possession.

15. As alleged herein, for the majority of his employment with CONSTRUCTION & TURNAROUND, Plaintiff SICA worked a scheduled shift of 10 hours per day or more plus additional pre- and post-shift time.  Because he had to finish his assigned tasks, Plaintiff SICA did not receive a timely first meal period of not less than 30 minutes' duration during which he was relieved of all duty. Plaintiff SICA also did not receive a second meal period on any day that he worked because no second meal period was provided.  Plaintiffs allege that information regarding missed and untimely first and second meal periods is contained in their time records that are in Defendant's possession.

16. As alleged herein, for the majority of his employment with CONSTRUCTION & TURNAROUND, Plaintiff ELLIS worked a scheduled shift of 12 hours per day plus additional pre- and post-shift time.  Because he had to finish his assigned tasks, Plaintiff ELLIS did not receive a timely first meal period of not less than 30 minutes' duration during which he was relieved of all duty.  Plaintiff ELLIS also did not receive a second meal period on any day that he worked because no second meal period was provided.  Plaintiffs allege that information regarding missed and untimely first and second meal periods is contained in their time records that are in Defendant's possession.

17. Defendant had a policy and practice of violating California Labor Code §§ 201-203 by failing to pay Plaintiffs and putative class members all wages due and owing at the time of discharge or voluntary quit.

18.     Plaintiff SICA was terminated from his employment without explanation on March 10, 2019.

19.     Plaintiff ELLIS's employment ended in March 2018 at his request when he asked for a medical layoff.

20.     Plaintiffs and putative class members still are owed wages, including without limitation the statutory minimum wage, for unpaid time spent traveling on and/or waiting for and/or operating company-provided transportation to, from and/or within the refineries and other facilities, donning and doffing safety gear, and/or otherwise working or under Defendant's control.

### IV.     CLASS ACTION ALLEGATIONS

21.     Plaintiffs bring this action on behalf of themselves and as a class action under Code of Civil Procedure § 382 on behalf of a class of similarly situated persons employed by CONSTRUCTION & TURNAROUND in the State of California. Specifically, Plaintiffs seek to represent the class of all hourly non-exempt on-site employees who performed work for CONSTRUCTION & TURNAROUND at job sites located within the State of California at any time during the four-year period preceding the filing of this Complaint (as extended and augmented by all applicable tolling rules and period(s) of tolling, which include but are not limited to tolling under Emergency Rule 9 of the California Rules of Court) and up through the present and until compliance with the law. Plaintiffs also seek to represent the following sub-classes of employees who worked for CONSTRUCTION & TURNAROUND at job sites within the State of California:

(a)     All hourly non-exempt on-site employees who performed work for CONSTRUCTION & TURNAROUND at any time during the four-year period preceding the filing of this Complaint (as extended and augmented by all applicable tolling rules and period(s) of tolling, which include but are not limited to tolling under Emergency Rule 9 of the California Rules of Court) and up through the present and until compliance with the law, inclusive, who were not paid any wages whatsoever, including the

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

minimum wage, for certain compensable pre-shift and post-shift time, including time spent traveling on and/or waiting for and/or operating company-provided transportation to, from and/or within the refineries and other facilities and donning and doffing safety gear;

(b) All hourly non-exempt on-site employees who performed work for CONSTRUCTION & TURNAROUND at any time during the four-year period preceding the filing of this Complaint (as extended and augmented by all applicable tolling rules and period(s) of tolling, which include but are not limited to tolling under Emergency Rule 9 of the California Rules of Court) and up through the present and until compliance with the law, inclusive, who worked more than 10 hours in a day and were not provided all meal periods required by law; and

(c) All hourly non-exempt on-site employees who performed work for CONSTRUCTION & TURNAROUND at any time during the three-year period preceding the filing of this Complaint (as extended and augmented by all applicable tolling rules and period(s) of tolling, which include but are not limited to tolling under Emergency Rule 9 of the California Rules of Court) and up through the present and until compliance with the law, inclusive, who were not paid all wages due upon discharge or voluntary quit as required by Labor Code §§ 201-203.

22. The class and sub-classes that Plaintiffs seek to represent contain numerous members and are clearly ascertainable. Plaintiffs reserve the right under Rule 3.765 of the California Rules of Court to amend or modify the class and sub-class descriptions with greater specificity or further division into additional sub-classes or limitation to particular issues.

23. By its unlawful practices and policies, Defendant has violated rights that its employees have under California laws and regulations. The questions raised are, therefore, of common or general interest to the class members, who have a well-defined community of interest in the questions of law and fact raised in this action.

24. Plaintiffs' claims are typical of those of the class, as Plaintiffs now suffer and have suffered in the past from the same violations of the law as other members of the proposed class. Plaintiffs have retained competent counsel to represent themselves and the class, and Plaintiffs will fairly and adequately represent the interests of the class.

25. This action may properly be maintained as a class action under Federal Rules of Civil Procedure ("FRCP") 23 because there is a well-defined community of interest in the litigation and the proposed class and sub-classes are easily ascertainable.

**Numerosity**

26. The members of the proposed class are so numerous that joinder of all class members is impractical. While the precise number of class members has not been determined at this time, Plaintiffs are informed and believe that Defendant has employed as many as 600 workers or more in the relevant time period.

27. Plaintiffs allege that Defendant's employment records would contain relevant information as to the number of members of the proposed class.

**Commonality**

28. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. Those common questions of law and fact include, without limitation, the following:

    (a) Whether Defendant had a policy or practice of violating Labor Code § 1194 by failing to pay class members for all hours worked;

    (b) Whether Defendant had a policy and practice of failing to provide class members with all of their required meal periods;

    (c) Whether Defendant had a policy and practice of violating Labor Code §§ 201-203 by failing to pay departing class members all wages, including statutory minimum wages, due at the time of discharge or voluntary quit; and

    (d) Whether Plaintiffs and the class members are entitled to equitable relief under Business and Professions Code §§ 17200, *et seq.*

**Typicality and Adequacy of Representation**

29. Plaintiffs' claims are typical of the claims of the proposed class. Plaintiffs and all members of the proposed class sustained injuries and economic loss arising out of and caused by Defendant's common course of conduct in violation of laws and regulations alleged in this Complaint.

30. Plaintiffs will fairly and adequately protect the interests of all proposed class members. Plaintiffs have no interests that are antagonistic to those of the proposed class and are not subject to any unique defenses. Plaintiffs also have retained counsel experienced in class actions and in representing employees and protecting employees' rights.

**Superiority of Class Action**

31. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each member of the class has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices.

32. Class action treatment will allow those similarly-situated persons to litigate their claims in the manner that is most effective and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all proposed class members is impractical. Even if every proposed class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts if individual litigation of numerous cases were to be required. Individualized litigation also would present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action with respect to some or all of the issues presented herein gives rise to fewer management difficulties, conserves the resources of the

court system and the parties and protects the rights of each proposed class member. Further, it prevents the very real harm that would be suffered by numerous putative class members who simply will be unable to enforce individual claims of this size on their own, and by Defendant's competitors, who will be placed at an unfair competitive disadvantage as their punishment for obeying the law. Plaintiffs do not anticipate difficulties in the management of this action.

## V.     FIRST CAUSE OF ACTION

**(UNFAIR BUSINESS PRACTICES – CAL. BUS. & PROF. CODE §§ 17200,** *et seq.***)**

34.     Plaintiffs repeat and reallege each and every paragraph above as though fully set forth herein.

35.     California Business and Professions Code §§ 17200, *et seq.*, prohibit unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business act or practice.

36.     Beginning at an exact date unknown to Plaintiffs, but at least during the four-year period preceding the filing of this Complaint (as extended and augmented by all applicable tolling rules and period(s) of tolling, which include but are not limited to tolling under Emergency Rule 9 of the California Rules of Court) and up through the present, Defendant committed unlawful acts and practices as defined by California Business and Professions Code §§ 17200, *et seq*. Defendant has had a policy and practice of engaging in unlawful and unfair business practices including, but not limited to, violations of:

  (a)     Labor Code § 1194 (failure to pay all wages due, including minimum wages);

  (b)     Labor Code §§ 226.7 and 512 (failure to provide meal periods);

  (c)     Labor Code §§ 201-203 (failure to pay all wages, including statutory minimum wages, due and owing at time of discharge or voluntary quit); and

  (d)     Industrial Welfare Commission Wage Order No. 16-2001.

37.     The violations of those laws and the acts and practices described in this Complaint constitute unlawful, unfair, deceptive and fraudulent business acts and practices and unfair competition within the meaning of Business and Professions Code §§ 17200*, et seq.*

38. As a direct and proximate result of those acts and practices, Defendant has received and continues to hold as ill-gotten gains money and property belonging to Plaintiffs and the class, in that Defendant has profited in those amounts from its unlawful practices.

39. Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property that may have been acquired by means of unfair competition and may order Defendant to make restitution to Plaintiffs for the practices alleged in this Complaint. Plaintiffs and putative class members are entitled under Business and Professions Code §§ 17203 and 17208 to restitution and restoration of all wages unlawfully withheld at any time during the four-year period preceding the filing of this Complaint (as extended and augmented by all applicable tolling rules and period(s) of tolling, which include but are not limited to tolling under Emergency Rule 9 of the California Rules of Court) and up through the present and until the violations have been corrected, together with all civil penalties owed in connection with those violations. Plaintiffs will, upon leave of the Court, amend this Complaint to state those amounts when they are ascertained.

40. Plaintiffs' success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiffs sue on behalf of the proposed class as well as on behalf of themselves and the general public. Plaintiffs seek and are entitled to unpaid wages and any other remedy owing to Plaintiffs and all others similarly situated.

41. To prevent Defendant from profiting and benefiting from its wrongful and illegal policies and practices, an order requiring Defendant to restore to Plaintiffs and class members all monies and property unlawfully gained through Defendant's unlawful practices is appropriate and necessary.

42. Plaintiffs take upon themselves the enforcement of these laws and lawful claims. There is a financial burden incurred in pursuing this action and it would be against the interests of justice to penalize Plaintiffs by forcing them to pay attorneys' fees from the recovery in this action. Therefore, an award of attorneys' fees is appropriate under California Code of Civil Procedure § 1021.5.

Wherefore, Plaintiffs pray for relief as set forth below.

**FIRST AMENDED COMPLAINT** 11 **CASE NO. 4:21-CV-0188-JSW**

## VI. SECOND CAUSE OF ACTION

## (UNPAID MINIMUM WAGES AND LIQUIDATED DAMAGES –

## LABOR CODE §§ 1194 AND 1194.2)

43. Plaintiffs repeat and reallege each and every paragraph above as though fully set forth herein.

44. Defendant had a policy and practice of failing to pay Plaintiffs and other putative class members for certain compensable pre-shift and post-shift time, including time spent traveling on and/or waiting for and/or operating company-provided transportation to, from and/or within the refineries and other facilities and donning and doffing safety gear.

45. Plaintiffs seek to recover all unpaid minimum wages due to Plaintiffs and other putative class members, as well as liquidated damages, if appropriate, and interest, under Labor Code §§ 1194, 1194.2 and 218.6.

46. Plaintiffs seek attorneys' fees and costs under Labor Code § 1194, which provides for a private right of action to recover unpaid minimum wage compensation and also provides for the recovery of attorneys' fees and costs by a prevailing employee.

Wherefore, Plaintiffs prays for relief as set forth below.

## VII. THIRD CAUSE OF ACTION

## (FAILURE TO PROVIDE MEAL PERIODS)

47. Plaintiffs repeat and reallege each and every paragraph above as though fully set forth herein.

48. At all relevant times, Defendant was an "employer" of Plaintiffs and members of the proposed class within the meaning of Labor Code §§ 226.7 and 512 and IWC Wage Order 16-2001, § 2(I).

49. At all relevant times, Plaintiffs and members of the proposed class were "employees" of Defendant within the meaning of Labor Code §§ 226.7 and 512 and IWC Wage Order 16-2001, § 2(H). Plaintiffs and members of the proposed class also were employed by Defendant in on-site construction occupations, as defined in and within the meaning of IWC Wage Order 16-2001, § 2(C).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

50. At all relevant times, Labor Code §§ 226.7 and 512 and IWC Wage Order 16-2001, § 10 have provided that employees must receive a first meal period of not less than 30 minutes before they have worked more than five hours in a day and a second meal period of not less than 30 minutes before they have worked more than 10 hours in a day.

51. As alleged above, Defendant required Plaintiffs and members of the proposed class at various times to work more than 10 hours in a single day, including, occasionally, shifts longer than 12 hours. On those occasions when Plaintiffs and members of the proposed class worked more than 10 hours in a single day, Defendant had a policy and practice of refusing and/or failing to provide employees with all of the duty-free meal periods that are mandated by Labor Code §§ 226.7 and 512 and IWC Wage Order 16-2001, § 10(B). Plaintiffs allege that they and, on information and belief, other members of the proposed class did not waive their rights to a second meal period.

52. Defendant's practices of failing to provide employees timely and uninterrupted meal periods of not less than 30 minutes and of requiring employees to work through those meal periods violate Labor Code §§ 226.7 and 512(a) and IWC Wage Order 16-2001, § 10(B).

53. Plaintiffs and members of the proposed class have lost money as a direct result of Defendant's unlawful practices as alleged above in that they were required to work shifts longer than 10 hours, were not provided their required meal periods, and were not compensated correctly for not having been provided those meal periods, respectively. Accordingly, Plaintiffs and members of the proposed class are entitled to proper compensation, restitution and premium pay for each meal period that was not provided as required by law and to the waiting-time penalties arising from those violations.

54. Plaintiffs are entitled to an award of attorneys' fees and costs and expenses incurred in this action under Code of Civil Procedure § 1021.5.

Wherefore, Plaintiffs pray for relief as set forth below.

## VIII.   FOURTH CAUSE OF ACTION
### (LABOR CODE §§ 201-203)

55. Plaintiffs repeat and reallege each and every paragraph above as though fully set

**FIRST AMENDED COMPLAINT**   13   **CASE NO. 4:21-CV-0188-JSW**

forth herein.

56. Labor Code §§ 201 and 202 require an employer to pay its employees all wages due within the times specified by law. Labor Code § 203 provides that if an employer willfully fails to pay those wages within the times specified by Labor Code §§ 201 or 202, the employer must continue to pay the subject employees' wages day-by-day, weekends included, until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

57. Defendant unfairly and unlawfully has had a policy and practice of violating Labor Code §§ 201 and 202 by failing to pay Plaintiffs and the class all wages earned during their employment within the times specified by those sections.

58. Plaintiffs and all other putative class members who ceased employment with Defendant are entitled to unpaid compensation but thus far have not received that compensation.

59. More than 30 days have passed since Plaintiffs and certain class members left Defendant's employ.

60. Due to Defendant's willful failure to compensate Plaintiffs and putative class members timely for all hours worked, Plaintiffs and class members whose employment ended at any time the during the three-year period preceding the filing of this Complaint (as extended and augmented by all applicable tolling rules and period(s) of tolling, which include but are not limited to tolling under Emergency Rule 9 of the California Rules of Court) and up through the present and until compliance with the law are entitled to 30 days' wages under Labor Code § 203, together with interest.

Wherefore, Plaintiffs pray for relief as set forth below.

## PRAYER FOR RELIEF

Plaintiffs pray for relief as follows:

   i. For an order certifying this action as a class action;
   ii. For disgorgement of profits and restitution and restoration of all costs incurred, sums or property unlawfully withheld and/or losses caused by the policy and practice of failing to pay all minimum-wage compensation

**FIRST AMENDED COMPLAINT**          14          **CASE NO. 4:21-CV-0188-JSW**

|   |   |   |
|---|---|---|
| | | owed to Plaintiffs and the class members in violation of Business and Professions Code §§ 17200, *et seq.*; |
| | iii. | For disgorgement of profits and restitution and restoration of all costs incurred, sums or property unlawfully withheld and/or losses caused by the policy and practice of violating Business and Professions Code §§ 17200, *et seq.* by failing to provide proper meal periods and to pay all premium wages and/or other sums due and owing for those failures; |
| | iv. | For compensatory damages in amounts according to proof at time of trial representing the amount of unpaid minimum wage compensation owed to Plaintiffs and the class members for the policy and practice of failing to pay all wages due and owing, as well as liquidated damages and interest as appropriate, during the applicable limitations period preceding the filing of the Complaint (as extended and augmented by all applicable tolling rules and period(s) of tolling, which include but are not limited to tolling under Emergency Rule 9 of the California Rules of Court) and up through and including the present and until the date of compliance with the law, all as allowed by law including Labor Code §§ 1194 and 1194.2; |
| | v. | For compensatory damages in amounts according to proof at time of trial representing the amount of unpaid compensation owed to Plaintiffs and class members for missed meal periods due and owing during the applicable limitations period preceding the filing of the Complaint (as extended and augmented by all applicable tolling rules and period(s) of tolling, which include but are not limited to tolling under Emergency Rule 9 of the California Rules of Court) and up through and including the present and until the date of compliance with the law, all as allowed by law including Labor Code §§ 226.7 and 512; |
| | vi. | For waiting time penalties as provided by Labor Code § 203 for Plaintiffs and class members; |

**FIRST AMENDED COMPLAINT**             15             **CASE NO. 4:21-CV-0188-JSW**

vii. For reasonable attorneys' fees and all costs of this suit as allowed by law, including Labor Code § 1194(a) and Code of Civil Procedure § 1021.5;

viii. For all interest as required by Labor Code § 218.6 and other applicable law; and

ix.

x. For such other and further relief as the Court may deem proper.

Dated: January 27, 2021                    Respectfully submitted,

**KELLER GROVER LLP**

By:   /s/ *Robert Spencer*
ERIC A. GROVER
ROBERT SPENCER
Attorneys for Plaintiffs and the Proposed Class

**JURY TRIAL DEMAND**

Plaintiffs demand a trial by jury as to all issues so triable.

Dated: January 27, 2021                    **KELLER GROVER LLP**

By:   /s/ *Robert Spencer*
ERIC A. GROVER
ROBERT SPENCER
Attorneys for Plaintiffs and the Proposed Class

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861