1  ERIC A. GROVER (SBN 136080)
2  eagrover@kellergrover.com
   ROBERT W. SPENCER (SBN 238491)
3  rspencer@kellergrover.com
   **KELLER GROVER LLP**
4  1965 Market Street
   San Francisco, California 94103
5  Telephone: (415) 543-1305
   Facsimile: (415) 543-7861
6
7  SCOT BERNSTEIN (SBN 94915)
   swampadero@sbernsteinlaw.com
8  **LAW OFFICES OF SCOT D. BERNSTEIN,**
   **A PROFESSIONAL CORPORATION**
9  101 Parkshore Drive, Suite 100
   Folsom, California 95630
10 Telephone: (916) 447-0100
   Facsimile: (916) 933-5533
11
12 Attorneys for Plaintiffs
   FRANK SICA and GARY ELLIS
13

14            **UNITED STATES DISTRICT COURT**

15            **NORTHERN DISTRICT OF CALIFORNIA**

16 FRANK SICA and GARY ELLIS, on behalf        Case No:  4:21-cv-0188-JSW
   of themselves, and all others similarly
17 situated,                                   CLASS ACTION

18                                             **PLAINTIFFS' NOTICE OF MOTION AND**
                Plaintiffs,                    **MOTION FOR PRELIMINARY**
19                                             **APPROVAL OF CLASS ACTION**
          v.                                   **SETTLEMENT; MEMORANDUM OF**
20                                             **POINTS AND AUTHORITIES IN**
   CONSTRUCTION & TURNAROUND                   **SUPPORT THEREOF**
21 SERVICES, L.L.C.; and DOES 1 through 50,
   inclusive,                                  Date:      September 3, 2021
22                                             Time:      9:00 a.m.
                                               Ctrm:      5
23              Defendant.                     Judge:   Jeffrey S. White
24
25                                             Complaint Filed:  October 20, 2020
26                                             Removal Date:     January 8, 2021
                                               FAC filed:        January 27, 2021
27

28

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

**PLEASE TAKE NOTICE THAT** on September 3, 2021 at 9:00 a.m., or as soon thereafter as the matter may be heard by the Honorable Jeffrey S. White, located at 1301 Clay Street, Courtroom 5, 2nd Floor, Oakland, California, Plaintiffs FRANK SICA and GARY ELLIS will and hereby do move for an Order: (1) preliminarily approving the settlement set forth in the Joint Stipulation of Class Action Settlement and Release of Claims; (2) conditionally certifying the proposed Settlement Class; (3) appointing Plaintiffs as the settlement Class Representatives; (4) appointing Plaintiffs' Counsel as settlement Class Counsel; (5) approving the designation of Phoenix Settlement Administrators as the Settlement Administrator; (6) approving the mailing of the proposed Notice of Class Action Settlement; and (7) scheduling a fairness hearing for final approval of the settlement.

This Motion is made pursuant to Federal Rule of Civil Procedure 23, which requires court approval of the settlement of a class action. The basis for this Motion is that the proposed settlement is fair, adequate, and reasonable and in the best interests of the proposed Settlement Class as a whole, and that the procedures proposed are adequate to ensure the opportunity of the proposed settlement Class Members to participate in, opt out of, or object to the settlement.

This Motion will be based on this notice of motion and motion, the accompanying summary of argument and memorandum of points and authorities set forth herein, the parties' Joint Stipulation of Class Action Settlement and Release of Claims, the Declarations of Eric A. Grover and Scot D. Bernstein, the pleadings and papers filed in this case, and such evidence or oral argument as may be presented at the hearing.

Dated: July 27, 2021                    KELLER GROVER LLP


                                        By:  /s/ *Eric A. Grover*
                                        _____
                                        ERIC A. GROVER
                                        ROBERT SPENCER
                                        *Attorneys for Plaintiffs*

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

## TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................... 2

II.   BACKGROUND .................................................................................................... 3

    A.    Factual background and procedural history ................................................ 3

    B.    The settlement process ............................................................................... 4

III.  THE SETTLEMENT AGREEMENT ..................................................................... 4

    A.    The Settlement Class definition ................................................................. 4

    B.    The Settlement benefits .............................................................................. 4

    C.    Payments to Settlement Class Members ..................................................... 5

    D.    Cy Pres Distribution ................................................................................... 5

    E.    Limited Release applicable to Settlement Class Members ......................... 6

    F.    The General Releases by Plaintiffs Sica and Ellis ..................................... 6

    G.    Class Notice ................................................................................................ 7

    H.    Opt Out, Objection and Dispute Procedures .............................................. 7

    I.    Class Representative Incentive Awards and General Release Payments ................ 8

    J.    Attorneys' Fees and Costs .......................................................................... 8

    K.    Settlement Administration .......................................................................... 9

IV.   THE SETTLEMENT MERITS PRELIMINARY APPROVAL ............................ 10

    A.    The legal standard for approving proposed class action settlements .................. 10

    B.    The proposed class action settlement is fair, adequate and reasonable ................ 11

        1.    The Settlement is the result of serious, informed, non-collusive negotiations. ......................................................................................... 11

        2.    The Settlement falls within the range of possible approval. .................... 13

        3.    The Settlement has no obvious deficiencies. ........................................... 14

    C.    The proposed attorneys' fees and costs awards are reasonable ........................... 15

    D.    The proposed notice procedure should be approved ........................................... 16

    E.    The proposed Class satisfies Rule 23's certification criteria for settlement purposes ..................................................................................................... 18

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1    1.    The Rule 23(a) prerequisites are satisfied. ................................................ 18

2    a.    *The proposed Class is so numerous that joinder is impracticable.* .......... 18

3    b.    *Common questions of law and fact exist in this action.* ........................... 19

4    c.    *The proposed Class Representatives' claims are typical of the*
     *Class' claims.* ........................................................................................ 19

5

6    d.    *The proposed Class Representatives will adequately represent the*
     *Class.* ....................................................................................................... 20

7    2.    Rule 23(b)(3)'s requirements are satisfied. .............................................. 20

8    a.    *Common questions will predominate over individual questions.* ............. 20

9    b.    *A class action is the superior method for adjudicating this action.* .......... 21

10   V.    CONCLUSION ............................................................................................................ 21

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**                                                                                      **Page(s)**

*Ahmed v. HSBC Bank USA,*
    2019 U.S. Dist. LEXIS 104401 (C.D. Cal. June 21, 2019) ............................................ 15

*Amchem Prods., Inc. v. Windsor,*
    521 U.S. 591, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997) ......................................... 18, 20

*Bellinghausen v. Tractor Supply Co.,*
    306 F.R.D. 245 (N.D. Cal. 2015) ..................................................................................... 15

*Betorina v. Randstad US, L.P.,*
    2017 U.S. Dist. LEXIS 53317 (N.D. Cal. Apr. 6, 2017) .................................................. 13

*Briseño v. Henderson,*
    2021 U.S. App. LEXIS 16261 (9th Cir. June 1, 2021) ........................................... *passim*

*Campbell v. Facebook, Inc.,*
    951 F.3d 1106 (9th Cir. 2020) ........................................................................................ 10

*Dyer v. Wells Fargo Bank, N.A.,*
    303 F.R.D. 326 (N.D. Cal. 2014) .................................................................................... 15

*Fleming v. Matco Tools Corp.,*
    2021 U.S. Dist. LEXIS 33513 (N.D. Cal. Feb. 21, 2021) ............................................... 18

*Hanlon v. Chrysler Corp.,*
    150 F.3d 1011 (9th Cir. 1998)............................................................................... 11, 19, 20

*In re Easysaver Rewards Litig.,*
    906 F.3d at 761. ................................................................................................................ 6

*In re Hyundai & Kia Fuel Econ. Litig.,*
    926 F.3d 539 (9th Cir. 2019)................................................................... 10, 17, 18, 19

*In re Lenovo Adware Litig.,*
    2018 U.S. Dist. LEXIS 198909 ....................................................................................... 11

*Jabbari v. Farmer,*
    965 F.3d 1001 (9th Cir. 2020) ................................................................................... 18, 20

*Jones v. GN Netcom, Inc.* (*In re Bluetooth Headset Prods. Liab. Litig.*)*,*
    654 F.3d 935 (9th Cir. 2011) ........................................................................ 1, 11, 12, 16

*Low v. Trump Univ., Ltd. Liab. Co.,*
    881 F.3d 1111 (9th Cir. 2018) ........................................................................................ 16

*Miguel-Sanchez v. Mesa Packing, LLC,*
    2021 U.S. Dist. LEXIS 84437 (N.D. Cal. May 3, 2021) ................................................. 10

*Moreno v. Capital Bldg. Maint. & Cleaning Servs.,*
    2021 U.S. Dist. LEXIS 87268 (N.D. Cal. May 5, 2021) ................................................. 11

*Morrison v. Am. Nat'l Red Cross,*
    2020 U.S. Dist. LEXIS 132712 ............................................................................. *passim*

*Mullane v. Cent. Hanover Bank & Trust Co.,*
    339 U.S. 306 (1950) ........................................................................................................ 17

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

*Perez v. CVS Health Corp.,*
    2021 U.S. Dist. LEXIS 110216 (E.D. Cal. June 11, 2021) ................................................ 12

*Perks v. ActiveHours, Inc.,*
    2021 U.S. Dist. LEXIS 57272 (N.D. Cal. Mar. 25, 2021) ......................................... 11, 12

*Phillips Petroleum Co. v. Shutts,*
    472 U.S. 797 (1985) ......................................................................................................... 16

*Rivas v. BG Retail, LLC,*
    2020 U.S. Dist. LEXIS 8712 (N.D. Cal. Jan. 16, 2020) .................................................. 15

*Rodriguez v. West Publ'g Corp.,*
    563 F.3d 948 (9th Cir. 2009) ........................................................................................... 15

*Romero v. Perryman (In re Easysaver Rewards Litig.),*
    906 F.3d 747 (9th Cir. 2018) ............................................................................................. 6

*Ruiz Torres v. Mercer Canyons Inc.,*
    835 F.3d 1125 (9th Cir. 2016) ......................................................................................... 19

*Taafua v. Quantum Glob. Techs., LLC,*
    2021 U.S. Dist. LEXIS 28754 (N.D. Cal. Feb. 16, 2021) ......................................... 12, 18

*Toolajian v. Air Methods Corp.,*
    2020 U.S. Dist. LEXIS 250904 (N.D. Cal. Apr. 24, 2020) ........................... 11, 13, 14, 21

*Wal-Mart Stores, Inc. v. Dukes,*
    564 U.S. 338, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) .............................................. 19

*Wong v. Arlo Techs.,*
    2021 U.S. Dist. LEXIS 58514 (N.D. Cal. Mar. 25, 2021) ........................................... 1, 12

**Statutes**

California Business & Professions Code
    § 17200 ............................................................................................................................ 3, 6

California Labor Code
    § 201 ............................................................................................................................ 2, 3, 21
    § 203 ............................................................................................................................ 2, 3, 21
    § 226.7 ......................................................................................................................... 2, 3, 21
    § 512 ............................................................................................................................ 2, 3, 21
    § 1194 .......................................................................................................................... 2, 3, 21
    § 1194.2 ............................................................................................................................ 3, 6
    § 1197 ................................................................................................................................ 3, 6
    § 1197.1 ............................................................................................................................. 3, 6

**Rules**

Federal Rules of Civil Procedure,
    Rule 23 ...................................................................................................................... *passim*

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1

**SUMMARY OF ARGUMENT**

The proposed Settlement warrants preliminary approval under Federal Rule of Civil Procedure ("Rule") 23 and Ninth Circuit case law.[1] The Settlement is the product of serious, non-collusive negotiations by highly experienced counsel who were well-informed about the case's key legal and factual issues, sufficient to assess the claims' value and settlement terms, and with the assistance of a well-respected mediator.[2] It provides an excellent result for the Settlement Class on fair, reasonable and adequate terms.[3] Defendant must pay $465,000 plus the employer's share of the payroll taxes, referred to as the Maximum Settlement Amount ("MSA"), and has no reversionary interest in that amount.[4] The estimated Net Settlement Amount of $320,250 will be paid in full to the Class Members who do not opt-out, *i.e.*, Settlement Class Members ("SCMs"), without requiring claim forms.[5] If no SCM opts out, each will receive an Individual Settlement Payment averaging $427.[6]

Balancing the strength of Plaintiffs' case with the risks of continued litigation, the Settlement is well within the range of approval.[7] The Settlement contains none of the *Bluetooth* signs of collusion, *i.e.*, no "clear sailing" agreement, no reverter clause, and allows a reasonable fee award to 25% of the MSA that is not a disproportionate distribution.[8] Also, the proposed

---

[1] Declaration of Eric A. Grover submitted herewith ("Grover Decl."), Ex. A (the Joint Stipulation of Class Action Settlement and Release of Claims ("Settlement Agreement")). All "Ex." references are to Grover Declaration exhibits unless otherwise noted. *See Briseño v. Henderson*, No. 19-56297, 2021 U.S. App. LEXIS 16261, at *23-24 (9th Cir. June 1, 2021) ("*Briseño*"), citing Rule 23(e) and *Jones v. GN Netcom, Inc.* (*In re Bluetooth Headset Prods. Liab. Litig.*), 654 F.3d 935, 946 (9th Cir. 2011) ("*Bluetooth*").

[2] Grover Decl. at ¶¶ 11-14, 17-36; Declaration of Scot D. Bernstein submitted in support of the preliminary approval motion ("Bernstein Decl.") at ¶ 2, Ex. 1.

[3] Grover Decl. at ¶¶ 17-36; *see also*, Ex. A at §§ II.C.

[4] *See* Grover Decl., Ex. A (Settlement Agreement) at §§ I.Q, III.A., III.K.

[5] Ex. A at §§ I.R., I.FF, III.K.2.a; Grover Decl. at ¶ 23.

[6] Ex. A at § III.K.2.a; Grover Decl. at ¶ 26.

[7] Grover Decl. at ¶¶ 17-23, 34-36.

[8] *Bluetooth*, 654 F.3d at 943, 947-49; *see e.g.*, *Wong v. Arlo Techs.*, No. 5:19-cv-00372-BLF, 2021 U.S. Dist. LEXIS 58514, at *24 (N.D. Cal. Mar. 25, 2021) (fee award within the Ninth Circuit's range was not disproportionate).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

1  Class meets the Rule 23 certification criteria for settlement purposes.[9]

2  <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

3  **I.    INTRODUCTION**

4         Frank Sica and Gary Ellis ("Plaintiffs" or "Class Representatives") brought this putative

5  class action on behalf of current and former hourly-paid California employees of Construction &

6  Turnaround Services, L.L.C. ("CTS" or "Defendant").  Plaintiffs allege class claims based on

7  allegations that Defendant's wage and meal period policies and practices violated California

8  Labor Code §§ 201-203, 226.7, 512 and 1194.[10]

9         Plaintiffs now seek the Court's preliminary approval of a proposed, non-reversionary class

10 action settlement (the "Settlement").[11]  Plaintiffs and Defendant (the "Parties") agreed to mediate

11 with Mark LeHocky, Esq., a well-respected mediator with wage and hour class action

12 experience.[12]  At the mediation, the Parties reached an agreement to resolve this action.[13]  All of

13 the terms of the Settlement are set forth in the Settlement Agreement.[14]

14        Plaintiffs discuss in detail below the key Settlement terms, which establish that the

15 Settlement is the result of serious, informed, non-collusive negotiations by highly experienced

16 counsel, provides an excellent result for the Settlement Class, has no obvious deficiencies and

17 does not grant preferential treatment to Plaintiffs or any segment of the Class.

18        Plaintiffs request that the Court: (a) grant preliminary approval of the Settlement,

19 (b) conditionally grant certification of the proposed Settlement Class, (c) approve the appointment

20 of Phoenix Settlement Administrators as the Settlement Administrator, (d) authorize notice

21 pursuant to the proposed notice plan, (e) schedule a final fairness and approval hearing,

22 (f) appoint Plaintiffs Frank Sica and Gary Ellis as settlement Class Representatives, and

23 (g) appoint Plaintiffs' counsel Eric A. Grover and Robert Spencer of Keller Grover LLP and Scot

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

---

24

25 [9] Ex. A at §§ I.F, I.FF and II.A.

[10] Docket ("Dkt.") 15 (the operative First Amended Complaint).

26 [11] Grover Decl., Ex. A.

27 [12] Ex. A at § II.B.

[13] Ex. A at § II.B; Grover Decl. at ¶ 14.

28 [14] Ex. A; Grover Decl. at ¶ 14.

D. Bernstein of Law Offices of Scot D. Bernstein, A Professional Corporation as settlement Class Counsel.

## II.    BACKGROUND

### A.    Factual background and procedural history

CTS employs hourly union workers who work on-site at its clients' power plants and other industrial plants in California and other states.[15]  Plaintiff Sica worked for CTS as an hourly-paid union pipefitter at the Chevron refinery in Richmond, California from December 4, 2018 through March 10, 2019.[16]  Plaintiff Ellis worked for CTS as an hourly-paid union pipefitter at the Chevron refinery in Richmond, California from January 2018 through March 2018.[17]

After Plaintiffs initially filed this action on October 26, 2020 in Alameda County Superior Court, Defendant removed to the United States District Court for Northern District of California on January 8, 2021.[18]  Plaintiffs filed the operative First Amended Complaint ("FAC") on January 27, 2021.[19]  In the FAC, Plaintiffs assert that CTS failed to pay at least the minimum wage for all pre-shift and post-shift time worked, failed to provide timely, off-duty 30-minute meal periods, and failed to pay all wages due upon termination.  Based on that alleged conduct, Plaintiffs assert class claims based on allegations that Defendant violated California Business & Professions Code §§ 17200, *et seq.*, California Labor Code §§ 201-203, 226.7, 512, 1194, 1194.2, 1197 and 1197.1, and Wage Order 16.[20]

Defendant has vigorously denied all of the allegations in their entirety.[21]  To date, no court has found any wrongdoing on the part of Defendant or that it otherwise acted improperly or in violation of any state law, rule or regulation, with respect to the issues in the litigation.[22]

---

[15] Dkt. 15 at ¶¶ 6, 9-10.
[16] Dkt. 15 at ¶ 4.
[17] Dkt. 15 at ¶ 5.
[18] Dkt. 1 and 1-1.
[19] Dkt. 15.
[20] Dkt. 15 at ¶¶ 6-60.
[21] Grover Decl. at ¶ 8; Ex. A at § II.D.
[22] Grover Decl. at ¶ 8.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

In an effort to avoid the risk and expense of lengthy litigation, the Parties agreed to attend private mediation relatively early in the course of this action.[23]

### B.    The settlement process

Prior to bringing the action, Class Counsel investigated Plaintiffs' legal claims and factual circumstances.   The investigation and informal discovery provided Class Counsel with relevant information regarding the legal and factual issues affecting the class claims in this case.[24]

In preparation for mediation, the Parties exchanged additional information necessary to provide each other with a thorough understanding of their respective legal theories and defenses and to engage in productive settlement negotiations.[25]  On June 15, 2021, the Parties participated in an all-day mediation session with the highly experienced and skilled mediator, Mark LeHocky, Esq.[26]  Through the mediation, the Parties agreed to settle the entire action, subject to the Court's approval.[27]  All terms of the Parties' settlement are set forth in the Settlement Agreement.[28]

## III.    THE SETTLEMENT AGREEMENT

### A.    The Settlement Class definition

The Parties have agreed that Settlement Class Members ("SCMs") are "all Class Members who do not submit a valid Request for Exclusion," and have defined "Class Members" as:

> all current and former hourly non-exempt unionized on-site employees who worked for Defendant in California during the Class Period.[29]

The Class Period is October 26, 2016 through January 31, 2020, inclusive.[30]   Based on Defendant's records, there are an estimated 750 Class Members.[31]

### B.    The Settlement benefits

---

[23] Grover Decl. at ¶ 10; Ex. A at § II.B.

[24] Grover Decl. at ¶ 11.

[25] Ex. A at § II.B; Grover Decl. at ¶¶ 12-13.

[26] Ex. A at § II.B; Grover Decl. at ¶ 14.

[27] Ex. A at § II.B; Grover Decl. at ¶ 14.

[28] *See generally*, Ex. A; Grover Decl. at ¶ 14.

[29] Ex. A at §§ I.F and I.FF.

[30] Ex. A at § I.G.

[31] Grover Decl. at ¶¶ 13, 39.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1    The Settlement provides that Defendant will fund the MSA in the amount of $465,000

2    plus Defendant's share of payroll taxes to resolve the claims covered by the Settlement.[32]  After

3    subtracting out the amounts allocated to Class Counsel's award of fees (no more than $116,250)

4    and actual, out-of-pocket expenses and costs (estimated not to exceed $8,500), Class

5    Representative Incentive Awards and General Release Payments (not to exceed $10,000,

6    collectively), and the settlement administration costs (not to exceed $10,000), the remaining

7    funds, referred to as the Net Settlement Amount, will be distributed in full to the SCMs, defined

8    as Class Members who do not submit a valid, timely request for exclusion.[33] The Net Settlement

9    Amount is estimated to be $320,250.[34]  Defendant has no revisionary interest in the MSA.[35]

10    **C.    Payments to Settlement Class Members**

11    The Settlement provides that SCMs will receive Individual Settlement Payments without

12    the need to submit a claim form.[36]  Each SCM's Individual Settlement Payment will be calculated

13    in the manner set forth in Section K.2.1.a of the Settlement Agreement, which provides that the

14    Settlement Administrator will calculate the total number of Qualified Hours for all SCMs and

15    then will divide the number of Qualified Hours for each SCM by that total.[37]  The resulting

16    "Payment Ratio" for each SCM then will be multiplied by the Net Settlement Amount to

17    calculate that SCM's share of the Net Settlement Amount, except that no gross Individual

18    Settlement Payment will be less than $25.[38]  Through the Settlement, each SCM is expected to

19    receive an Individual Settlement Payment of, on average, $427.[39]

20    **D.    Cy Pres Distribution**

21    The *cy pres* doctrine allows for unclaimed portions of a class action settlement fund to be

22

23    [32] Ex. A at §§ I.Q, III.K.

24    [33] Ex. A at §§ I.R, I.FF, and III.K.2.a; *see*, §§ I.D, I.H, III.K.; Grover Decl. at ¶ 23.

      [34] Grover Decl. at ¶ 23; Ex. A at § I.R.

25    [35] Ex. A at §§ I.Q; III.K.

26    [36] Ex. A at § III.K.2.a.

27    [37] Ex. A at § III.K.2.a.1; *see*, § I.Z.

      [38] Ex. A at § III.K.2.a.1; *see*, §§ I.P, I.X and I.Z.

28    [39] Grover Decl. at ¶ 26.

distributed in a manner that still indirectly benefits the class.[40]  Unclaimed settlement funds should be put to their "next best use" in light of "the purposes of the underlying lawsuit or the class of plaintiffs involved."[41]  Here, the Parties have agreed that, subject to the Court's approval, any unclaimed funds will be distributed to their selected *cy pres* recipient, Legal Aid at Work, which is a 501(c)(3) organization that provides low-wage workers with legal representation, education and policy advocacy to enforce and strengthen workers' rights. (https://legalaidatwork.org).[42]  None of the Parties' counsel has any relationship to Legal Aid at Work.[43]  Legal Aid at Work is the "next best use" to giving the funds to class members as it is related to the lawsuit's subject matter and the class.[44]

### E.    Limited Release applicable to Settlement Class Members

The Settlement Agreement provides a Limited Release applicable to the SCMs, through which SCMs, including Plaintiffs, will release only the claims in the operative FAC.[45] Specifically, the Released Claims are defined as:

> the claims in the operative First Amended Class Action Complaint under California Labor Code §§ 201, 202, 203, 226.7, 510, 512, 1194, 1194.2, 1197, and 1197.1 and Business & Professions Code §§ 17200, together with interest, fees, and costs related to those claims.[46]

The Release Period for the Released Claims shall be the same as the Class Period, *i.e.*, from October 26, 2016 through January 31, 2020, inclusive.[47]

### F.    The General Releases by Plaintiffs Sica and Ellis

Plaintiffs Sica and Ellis will provide a General Release of their individual claims against the Released Parties.[48]  The named Plaintiffs will provide their General Release in exchange for a

---

[40] *Romero v. Perryman (In re Easysaver Rewards Litig.)*, 906 F.3d 747, 761 (9th Cir. 2018).

[41] *Id.* (internal quotations and citation omitted).

[42] Ex. A at § III.K.2.d; Grover Decl. at ¶ 48.

[43] Grover Decl. at ¶ 48.

[44] *See In re Easysaver Rewards Litig.*, 906 F.3d at 761. *Morrison v. Am. Nat'l Red Cross*, No. 19-cv-02855-HSG, 2020 U.S. Dist. LEXIS 132712, at *22-23 (N.D. Cal. July 27, 2020).

[45] Ex. A at § III.B, *see also*, §§ I.AA, I.BB (defining the Released Parties).

[46] Ex. A at § I.AA.

[47] Ex. A at § I.AA.

[48] Ex. A at § III.C.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

General Release Payment, which is included in each Plaintiff's Class Representative Incentive Award.[49] The Class Representative Incentive Awards and General Release Payments are in addition to each named Plaintiff's Individual Settlement Payment. Plaintiffs will apply for the Court's approval of the combined Class Representative Incentive Awards and General Release Payments with the motion for attorneys' fees and costs.[50]

### G.    Class Notice

The proposed Notice of Class Action Settlement (the "Notice") explains the terms of the Settlement, how Class Members can opt out or object to the Settlement and the deadlines for doing so.[51] The Notice will be individualized to state each Class Member's number of Qualified Hours and calculation of the estimated Individual Settlement Payment.[52] The Notice also sets forth the release that the SCMs will provide in exchange for the Individual Settlement Payment.[53]

The Notice informs Class Members that Class Counsel will file a motion seeking an award of attorneys' fees and reimbursement of actual litigation costs and expenses and requesting approval of the Class Representative Incentive Awards and General Release Payments.[54] The Notice states the deadline by which that motion must be filed.[55]

### H.    Opt Out, Objection and Dispute Procedures

The Settlement provides Class Members with 45 calendar days from the date the Notices are mailed to request exclusion from or object to the Settlement.[56] The Notice will provide a specific date informing the Class Members of the exact deadline and instructions as to how to opt out of and how to object to the Settlement.[57] The postmark date of a Class Member's Request for

---

[49] Ex. A at § III.C, III.K.3; *see also*, § I.H; Grover Decl. at ¶ 47.

[50] Ex. A at § III.K.3; Grover Decl. at ¶¶ 46, 52.

[51] Ex. A at §§ I.S, III.J.2, Settlement Agreement Exhibits 1 (the proposed Notice) and 2 (the proposed mailing envelope).

[52] Ex. A at § III.J.2.b, Settlement Agreement Exhibit 1.

[53] Ex. A at § III.J.2.a, Settlement Agreement Exhibit 1.

[54] *See* Ex. A, Settlement Agreement Exhibit 1.

[55] *See* Ex. A, Settlement Agreement Exhibit 1.

[56] Ex. A at §§ III.J.7 and III.J.8; *see also*, § I.CC; Ex. A, Settlement Agreement Ex. 1.

[57] Ex. A, Settlement Agreement Ex. 1.

1    Exclusion or Objection will determine whether it is timely.[58]

2         Class Members also have the opportunity to dispute the number of Qualified Hours stated

3    on their individualized Notice by providing documentation or an explanation to support that he or

4    she worked a different number of hours during the Class Period.[59] If there is a dispute, the

5    Settlement Administrator will consult with the Parties to decide if an adjustment is warranted.[60]

6    **I.    Class Representative Incentive Awards and General Release Payments**

7         The Settlement provides that the Class Representatives may seek reasonable Incentive

8    Awards to compensate them for the risks they incurred and the time and effort they expended in

9    bringing and prosecuting the employment-related claims alleged in this action on behalf of the

10   Class.[61] The Settlement provides a reasonable award of not more than $5,000 each for Plaintiff

11   Sica and Plaintiff Ellis, which includes the payment for the General Release, mentioned above.[62]

12        In the event that the Court reduces the Incentive Award and General Release Payments,

13   Plaintiffs shall not have the right to modify or revoke the Settlement, the Settlement will remain

14   binding, and Plaintiffs may not seek an increase in the MSA on that basis.[63] Any unawarded

15   amount becomes part of the Net Settlement Amount to be distributed to SCMs.[64]

16   **J.    Attorneys' Fees and Costs**

17        The Settlement provides that Class Counsel may seek an award of attorneys' fees of no

18   more than $116,250, which is 25% of the MSA, and actual out-of-pocket litigation expenses and

19   costs, which are estimated not to exceed $8,500.[65] The fee amount, supported by Class Counsels'

20   lodestar, is intended to compensate for their efforts and risk in prosecuting this action, including

21

22

23   [58] Ex. A at §§ I.CC, III.J.7 and III.J.8.

24   [59] Ex. A at § III.J.5.

     [60] Ex. A at § III.J.6.

25   [61] Ex. A at § III.K.3.a; *see also*, § I.H; Grover Decl. at ¶¶ 45-46.

26   [62] Ex. A at § III.K.3.a; *see*, § I.H; Grover Decl. at ¶ 47.

27   [63] Ex. A at §§ III.K.3.d.

     [64] Ex. A at §§ III.K.3.b.

28   [65] Ex. A at § III.K.4.a; *see also*, § I.D.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

1   the work still to be performed documenting and securing approval of the Settlement, ensuring that

2   the Settlement is administered and implemented fairly, and obtaining dismissal of the action.[66]

3       Class Counsel will file a separate motion requesting an award of attorneys' fees and costs

4   and the Class Representative Incentive Awards and the General Release Payments no later than

5   14 days before the Response Deadline.[67]  Class Counsel has provided initial lodestar calculations

6   and litigation costs for preliminary approval purposes but will provide updated, detailed

7   information with the motion for fees and costs.[68]

8       In the event that the Court reduces the requested Class Counsel Award, Plaintiffs and

9   Class Counsel shall not have the right to modify or revoke the Settlement, the Settlement will

10  remain binding, and neither Plaintiffs nor Class Counsel may seek an increase in the MSA on that

11  basis.[69]  Any unawarded portion of the requested Class Counsel Award shall be part of the Net

12  Settlement Amount and shall be distributed to SCMs as provided in this Agreement.[70]

13  **K.    Settlement Administration**

14      Subject to the Court's approval, the Parties have selected Phoenix Settlement

15  Administrators as the proposed third-party Settlement Administrator after reviewing proposals

16  from three administrators.[71]  Class Counsel has worked with Phoenix Settlement Administrators

17  on several other class settlements in the past two years.[72]  The Settlement Agreement allocates up

18  to $10,000 of the MSA for the administration costs.[73]  Because the Class Members are CTS'

19  former and current employees whose identities and contact information are readily available, the

20  Parties agreed that mail notice provides the best practicable notice under the circumstances.[74]

21  The administration costs are reasonable given the number of Class Members, the number of

---

[66] Ex. A at § I.D; *see* Grover Decl. at ¶¶ 52-61; Bernstein Decl. at ¶ 2, Ex.1.

[67] Ex. A at §§ III.K.3 and III.O.

[68] Grover Decl. at ¶¶ 52-61; Bernstein Decl. at ¶ 2, Ex.3.

[69] Ex. A at §§ III.K.4.f.

[70] Ex. A at § III.K.4.c.

[71] Ex. A at § I.EE.

[72] Grover Decl. at ¶ 50.

[73] Ex. A at § III.K.5.

[74] Grover Decl. at ¶ 32.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

1  Individual Settlement Payment to be calculated, and the notice procedures involved.[75]

2  ## IV.    THE SETTLEMENT MERITS PRELIMINARY APPROVAL

3  ### A.    The legal standard for approving proposed class action settlements

4  Rule 23(e) requires district courts to approve any proposed class settlement to ensure that

5  it "is 'fair, reasonable, and adequate,'" to protect absent class members' interests "while also

6  accounting 'for the strong judicial policy that favors settlements, particularly where complex class

7  action litigation is concerned.'"[76]  Rule 23(e)(2) sets forth factors that courts must consider when

8  assessing a settlement, including whether:

> (A) the class representatives and class counsel have adequately
> represented the class;  (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account: (i) the
> costs, risks, and delay of trial and appeal; (ii) the effectiveness of any
> proposed method of distributing relief to the class, including the method of
> processing class-member claims; (iii) the terms of any proposed award of
> attorney's fees, including timing of payment; and (iv) any agreement
> required to be identified under Rule 23(e)(3); and (D) the proposal treats
> class members equitably relative to each other.[77]

15  The Rule 23(e) factors are "not intended to displace any factors currently considered by courts,

16  'but rather to focus the court and the lawyers on the core concerns of procedure and substance

17  that should guide the decision whether to approve the proposal.'"[78]

18  Although the relevant factors "will naturally vary from case to case," courts generally

19  consider:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity,
> and likely duration of further litigation; (3) the risk of maintaining class
> action status throughout the trial; (4) the amount offered in settlement; (5)
> the extent of discovery completed and the stage of the proceedings; (6) the
> experience and views of counsel; … and (8) the reaction of the class

---

[75] Grover Decl. at ¶ 50.

[76] *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1120-21 (9th Cir. 2020), quoting Rule 23(e)(2) and *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556, 568 (9th Cir. 2019) (en banc) ("*Hyundai*").

[77] Rule 23(e)(2); *see Briseño*, 2021 U.S. App. LEXIS 16261, at *15-23 (citing Rule 23(e)(2)).

[78] *Miguel-Sanchez v. Mesa Packing, LLC*, No. 20-cv-00823-VKD, 2021 U.S. Dist. LEXIS 84437, at *22 (N.D. Cal. May 3, 2021), quoting Rule 23(e) Advisory Comm. Note to 2018 amendment.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

members of the proposed settlement.[79]

At the preliminary approval stage, courts routinely grant approval when the class settlement: "(1) appears to be the product of serious, informed, non-collusive negotiations; (2) does not grant improper preferential treatment to class representatives or other segments of the class; (3) falls within the range of possible approval; and (4) has no obvious deficiencies."[80]  With collusion being a key concern, courts look for three red flag indicators outlined in *Bluetooth*: whether (1) class counsel will receive "a disproportionate distribution of the settlement," (2) the defendant agreed to a "clear sailing arrangement" by which it will not challenge the agreed-upon attorneys' fees, and (3) there is a "'kicker' or 'reverter' clause[,]" by which funds allocated for class counsel's fees that the court does not approve are returned to the defendant.[81]

**B.    The proposed class action settlement is fair, adequate and reasonable**

1.    <u>The Settlement is the result of serious, informed, non-collusive negotiations.</u>

At the preliminary approval stage, courts routinely find that a settlement is fair where it is reached through arm's-length bargaining by well-qualified, highly experienced counsel who are familiar with the strengths and weakness of the action.[82]  When the parties have conducted informal discovery and participated in a full-day formal mediation with a skilled, experienced mediator prior to reaching a settlement, the settlement process supports preliminary approval.[83]

Here, the Settlement was a product of non-collusive, arm's-length negotiations during

---

[79] *Bluetooth*, 654 F.3d at 946 (internal quotations and citation omitted); *Briseño*, 2021 U.S. App. LEXIS 16261, at *17 (listing same factors).

[80] *See e.g.*, *Morrison*, 2020 U.S. Dist. LEXIS 132712, at *22-23; *Toolajian v. Air Methods Corp.*, No. 18-cv-06722-AGT, 2020 U.S. Dist. LEXIS 250904, at *22 (N.D. Cal. Apr. 24, 2020).

[81] *Briseño*, 2021 U.S. App. LEXIS 16261, at *24-27, citing *Bluetooth*, 654 F.3d at 947-49.

[82] *See e.g.*, *Hanlon*, 150 F.3d at 1027 (affirming approval of class action settlement where parties reached agreement after several months of negotiation and the record contained no evidence of collusion); *In re Lenovo Adware Litig.*, 2018 U.S. Dist. LEXIS 198909, at *28 (class counsel's recommendation of the settlement after arms'-length negotiations weighed in favor of fairness).

[83] *See e.g.*, *Moreno v. Capital Bldg. Maint. & Cleaning Servs.*, No. 19-cv-07087-DMR, 2021 U.S. Dist. LEXIS 87268, at *27 (N.D. Cal. May 5, 2021) (informal discovery and mediation supported parties "had sufficient information to make an informed decision about the settlement."); *Perks v. ActiveHours, Inc.*, No. 5:19-cv-05543-BLF, 2021 U.S. Dist. LEXIS 57272, at *13-14 (N.D. Cal. Mar. 25, 2021) (similar, discussing the court's previous findings at preliminary approval).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

which the Parties were represented by skilled and experienced counsel.[84]  Class Counsel are highly experienced in litigating and settling similar wage and hour class actions.[85]  They have investigated the factual and legal issues in this action and diligently litigated the Class Members' claims.[86]  The Parties engaged in informal discovery prior to participating in formal mediation.[87]  Through their independent investigation, informal discovery, and information exchanged at the mediation, Class Counsel "obtained sufficient information to make an informed decision about the Settlement and about the legal and factual risks of the case."[88]

The Parties participated in a mediation session on June 15, 2021 with Mark LeHockey, Esq., an experienced mediator in wage and hour cases.[89]  With the mediator's assistance, the Parties reached a settlement.[90]  Class Counsel believe that the Settlement that the Parties reached is fair, reasonable and adequate, weighing in favor of preliminary approval.[91]

Further, the Settlement has none of the *Bluetooth* signs of collusion.[92]  The Settlement permits Class Counsel to seek attorneys' fees amounting to 25% of the MSA, and actual litigation costs and expenses.[93]  Courts have found that, when a settlement allows a fee request within the Ninth Circuit's range, there is not a disproportionate distribution to Class Counsel.[94]  The Net

---

[84] *See* Grover Decl. at ¶¶ 2-4, 12-14, 17, 34-36; *see*, Ex. A at §§ II.B.

[85] Grover Decl. at ¶¶ 2-4, 17; Bernstein Decl. at ¶ 2, Ex. 1.

[86] Grover Decl. at ¶¶ 11-14, 17-36.

[87] Grover Decl. at ¶¶ 11-13, 34.

[88] *Perks*, 2021 U.S. Dist. LEXIS 57272, at *13-14 (approving class settlement at relatively early stage of the litigation); *see also*, *e.g.*, *Taafua v. Quantum Glob. Techs., LLC*, No. 18-cv-06602-VKD, 2021 U.S. Dist. LEXIS 28754, at *19 (N.D. Cal. Feb. 16, 2021) (similar, finding that class counsel "had sufficient information to properly evaluate the merits of the claims and to make an informed decision about settlement.")

[89] Ex. A at § II.B; Grover Decl. at ¶ 14.

[90] Ex. A at § II.C; Grover Decl. at ¶ 14.

[91] Grover Decl. at ¶¶ 2-4, 17-36.

[92] *Briseño*, 2021 U.S. App. LEXIS 16261, at *23-27, citing *Bluetooth*, 654 F.3d at 947-49.

[93] Ex. A. at § III.K.4.a.

[94] *E.g.*, *Perez v. CVS Health Corp.*, No. 1:19-cv-00449-DAD-BAM, 2021 U.S. Dist. LEXIS 110216, at *25 (E.D. Cal. June 11, 2021) (finding no disproportionate distribution as the 33.33% fee request was within the Ninth Circuit's accepted range); *Wong*, 2021 U.S. Dist. LEXIS 58514, at *24 (same as to 25% fee request). *See*, *Bluetooth*, 654 F.3d at 943 (noting 25% is benchmark).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

Settlement Amount is estimated to be $320,250 and will be paid out in full to the SCMs, who are not required to submit claims.[95]   Thus, the Settlement ensures that SCMs will receive a substantial share of the MSA and Class Counsel will not receive a disproportionate share.[96]

The Settlement does not provide that any unused or unawarded funds will revert to Defendant.[97]  If the Court does not award the full amounts requested for attorneys' fee and costs or Class Representative Incentive Awards and General Release Payments, the unawarded funds become part of the Net Settlement Amount.[98]  If the Court does not award the full amounts requested, the Settlement provides that Plaintiffs and Class Counsel "shall not have the right to modify or revoke the Settlement, and the Settlement will remain binding," and Plaintiffs or Class Counsel may not seek, request, or demand an increase in the MSA on that basis."[99]  Further, any funds from Individual Settlement Payment checks that remain uncashed 180 days after the issuance date will be distributed to the selected *cy pres* beneficiary.[100]

Further, the Settlement does not include a clear sailing arrangement.[101]  Defendant has not agreed to refrain from challenging Class Counsel's fee motion.

### 2.   The Settlement falls within the range of possible approval.

To evaluate whether the settlement is within the range of possible approval, "courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer,'" while also considering the risks of continued litigation and of maintaining class status.[102]

The Settlement represents a strong result for the SCMs. The Net Settlement Amount is

---

[95] Grover Decl. at ¶¶ 23, 24; Ex. A at §§ I.R, III.K.2.a.

[96] Contrast *Briseño*, 2021 U.S. App. LEXIS 16261, at *5, in which class counsel received more than seven times what the class members receive in the claims-made settlement.

[97] *See* Ex. A at §§ III.L and I.W.  *See, e.g., Briseño*, 2021 U.S. App. LEXIS 16261, at *26-27.

[98] Ex. A at §§ III.K.3.b. and III.K.4.c.

[99] Ex. A at §§ III.K.3.d and III.K.4.b.

[100] Ex. A at § III.K.2.d.

[101] *See generally*, Ex. A.

[102] *Morrison*, 2020 U.S. Dist. LEXIS 132712, at *25-26; *see also, e.g., Toolajian*, 2020 U.S. Dist. LEXIS 250904, at *26 *28 and *Betorina v. Randstad US, L.P.*, No. 15-cv-03646-EMC, 2017 U.S. Dist. LEXIS 53317, at *22 (N.D. Cal. Apr. 6, 2017).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

estimated to be $320,250 and will be distributed to SCMs in full.[103]  Each Individual Settlement Payment is estimated to be, on average, $427.[104]  Class Counsel has calculated the maximum value of the strongest class claim at $126,883.33.[105]  The estimated $320,250 Net Settlement Amount represents more than 2.5 times the maximum damage calculation of the strongest claim. Although the maximum theoretical damages of the remaining claims exceed the Net Settlement Amount by a substantial amount, the defenses to those claims discussed in the Grover declaration warrant a substantial discount.[106]

Although Plaintiffs are confident that the class claims are strong, they also recognize that, if litigation continued and proceeded to trial, they would have encountered legal and factual hurdles that could have prevented the Class from obtaining any recovery.[107]  Defendant has argued, for example, that Plaintiffs' meal break claim is preempted by the collective bargaining agreement grievance procedures and that the waiting time penalty and liquidated damage claims fail because Plaintiffs cannot demonstrate that Defendant willfully failed to pay the Class all wages due and owing for pre-shift work.[108]

Considering the strength of Plaintiffs' case, the risks of continued litigation and of not succeeding at class certification, and the settlement amount achieved, the proposed Settlement is adequate, fair and well within the range of reasonableness.

### 3.  The Settlement has no obvious deficiencies.

The Settlement has no obvious deficiencies.  The Settlement does not grant preferential treatment to Plaintiffs or any segment of the Class.  SCMs will receive payments based on their pro-rata share of the total Qualified Hours, making the distribution fair.[109]

The Settlement allows Plaintiff Sica and Plaintiff Ellis to seek Incentive Awards and

---

[103] Ex. A at § III.K.2.a; Grover Decl. at ¶ 23.

[104] Grover Decl. at ¶ 26.

[105] Grover Decl. at ¶ 18-20.

[106] Grover Decl. at ¶¶ 18-22.

[107] Grover Decl. at ¶¶ 17-23, 34-36.

[108] *See* discussion at Grover Decl. at ¶¶ 21-22.

[109] Ex. A at § III.K.2.  *See e.g.*, *Toolajian*, 2020 U.S. Dist. LEXIS 250904, at *26.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

General Release Payments of up to $5,000 each.[110]  Incentive awards are "fairly typical in class action cases" and "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action."[111]  A "$5,000 incentive award to each named plaintiff is presumptively reasonable," especially when, as here, "the parties agree that the settlement shall remain in force regardless of any incentive award."[112]  Plaintiffs have spent time and effort prosecuting this action against their former employer on the Class' behalf.[113]  Plaintiffs will provide detailed declarations of their work and time spent in this action with the motion for approval of the Incentive Awards.[114]  At this stage, the fact that the proposed Incentive Awards are not per se unreasonable is sufficient.[115]

The Settlement also provides that the named Plaintiffs will enter into a General Release in exchange for payment that is included with the Incentive Award amount.[116] The General Release does not apply to the SCMs.[117]  The Incentive Awards and General Release Payments are not preferential treatment because the SCMs will not be subject to or affected by the General Release.

### C.    The proposed attorneys' fees and costs awards are reasonable

The Settlement permits Class Counsel to request fees of $116,250, which is 25% of the MSA, and their actual litigation costs and expenses.[118] The proposed fee request is reasonable. District "courts have consistently approved of attorney fee awards over the 25% benchmark, specifically at a rate of 30% or higher."[119]  Here, the proposed fee award is at the benchmark.

---

[110] *See* Ex. A at § III.K.3.

[111] *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009); *Morrison*, 2020 U.S. Dist. LEXIS 132712, at *24-25, quoting same.

[112] *Ahmed v. HSBC Bank USA*, No. ED CV 15-2057 FMO (SPx), 2019 U.S. Dist. LEXIS 104401, at *34-35 (C.D. Cal. June 21, 2019), citing *Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 335 (N.D. Cal. 2014). *See* Ex. A at § III.K.3.b.

[113] Grover Decl. at ¶¶ 45-46.

[114] Grover Decl. at ¶ 46.

[115] *See e.g.*, *Morrison*, 2020 U.S. Dist. LEXIS 132712, at *25.

[116] *See* Ex. A at § III.K.3.

[117] *See id.*

[118] Ex. A. at § III.K.4.a.

[119] *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 260 (N.D. Cal. 2015) (internal quotations and original alternations omitted); *see also*, *e.g.*, *Rivas v. BG Retail, LLC*, No. 16-cv-06458-BLF,

*(Cont'd)*

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

The proposed fee award also is supported by Class Counsel's lodestar.[120] Class Counsel preliminarily calculates their current lodestar to be approximately $148,290.[121]  The proposed $116,250 fee award thus reflects a negative multiplier.  Class Counsel will provide updated lodestar information with the motion for award of fees.[122]

The Settlement also provides that Class Counsel may seek reimbursement of their out-of-pocket expenses and costs incurred litigating this action.[123]  Class Counsel's actual costs and expenses to date are approximately $6,825 and are not expected to exceed $8,500.[124]  They include mediation fees, filing fees, legal research fees, mileage, meals, mailing charges, and postage costs. Class Counsel will provide detailed expense and cost information with the fee motion.[125]

**D.    The proposed notice procedure should be approved**

Rule 23(c)(2)(B) provides that "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."[126]  Rule 23(c)(2)(B) requires that the notice "clearly and concisely" states in "plain," easy-to-understand language:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the

---

2020 U.S. Dist. LEXIS 8712, at *23 (N.D. Cal. Jan. 16, 2020) ("California district courts usually award attorneys' fees in the range of 30-40% in wage and hour class actions" when the common fund is under $10 million," (internal quotation and citation omitted)).

[120] "Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method." *Bluetooth*, 654 F.3d at 942.

[121] Grover Decl. at ¶¶ 54-58; Bernstein Decl. at ¶ 3.

[122] Grover Decl. at ¶ 53.

[123] Ex. A at §§ III.K.4.a and I.D.

[124] Grover Decl. at ¶¶ 59-61.

[125] Grover Decl. at ¶ 59.

[126] *See also, e.g.*, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985); *Low v. Trump Univ., Ltd. Liab. Co.*, 881 F.3d 1111, 1117 (9th Cir. 2018).

time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members.[127]

The proposed Notice (Settlement Agreement Exhibit 1) fully complies with Rule 23 and due process.[128]  The Notice informs Class Members about the Settlement terms, the date, time and location of the final approval hearing, and how to enter an appearance.[129]  The Notice explains how to object to the Settlement and the deadline to do so.  The Notice informs Class Members of their right to opt out of the Settlement, how to do so and the deadline.[130]  The Notice also states how individual recoveries will be determined and provides an estimated settlement amount for each Class Member.[131]  Thus, the Notice complies with the standards of fairness, completeness, and neutrality required of a settlement notice disseminated under authority of the Court.

In addition, the procedures to disseminate the Notice ensure it will be sent to Class Members in the manner best calculated to ensure that they are alerted to the terms of the Settlement.[132]  Defendant will provide the Settlement Administrator with each Class Member's contact information and Qualified Hours for each Class Member during the Class Period.[133]  The Settlement Administrator will perform address updates and verifications as necessary and send the Notice via first-class U.S. mail.[134]  If a Notice is returned, the Settlement Administrator will conduct address follow-up and will re-mail the Notice to any updated address.[135]

Because the Class Members are Defendant's current and former employees, notice in this action is simpler than in other types of class actions.   The proposed notice plan meets

---

[127] Fed. R. Civ. P. 23(c)(2)(B); Ex. A at § III.K.2, Settlement Agreement Ex. 1.

[128] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (due process requires that notice be reasonably calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."); *Hyundai*, 926 F.3d at 567 (similar).

[129] Ex. A at § III.J.2.a, Settlement Agreement Ex. 1.

[130] Ex. A, Settlement Agreement Ex. 1.

[131] Ex. A at § III.J.2.b, Settlement Agreement Ex. 1.

[132] Ex. A at § III. J; Settlement Agreement Exs. 1 and 2.

[133] Ex. A at §§ I.Z, III.J.1 and III.J.2.

[134] Ex. A at §§ III. J.3 and III.J.4.

[135] Ex. A at §§ III.J.4.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

constitutional standards and should be approved.[136]

### E.    The proposed Class satisfies Rule 23's certification criteria for settlement purposes [137]

Rule 23(a) sets out four prerequisites for class certification: numerosity, commonality, typicality, and adequacy of representation.[138]   Rule 23(b)(3) further requires that common questions of law or fact predominate over any individualized questions, and that the class action must be the "superior method for fairly and efficiently adjudicating the controversy."[139]   "The criteria for class certification are applied differently in litigation classes and settlement classes."[140]   In the settlement context, the analysis focuses "'on whether a proposed class has sufficient unity so that absent members can fairly be bound by decisions of class representatives,'" with "heightened attention" placed on "protect[ing] absentees … from overbroad class definitions," whereas manageability at trial is not relevant.[141]

#### 1.    The Rule 23(a) prerequisites are satisfied.

##### a.    The proposed Class is so numerous that joinder is impracticable.

Rule 23(a)(1) requires that the proposed class is so numerous that joinder is impracticable, with courts in this Circuit agreeing that 40 or more members satisfies numerosity.[142]   The proposed Class here is sufficiently numerous as Defendant estimates that approximately 750 former and current hourly, non-exempt, unionized on-site employees work or have worked for CTS in California during the Class Period.[143]

---

[136] *See e.g.*, *Taafua*, 2021 U.S. Dist. LEXIS 28754, at *10-12 (approving notice by mail); *Morrison*, 2020 U.S. Dist. LEXIS 132712, at *26-27 (same).

[137] Defendant has agreed to the certification of the proposed Class for purposes of settlement approval only.  Ex. A at § II.A.

[138] Rule 23(a)(1)-(4).

[139] Rule 23(b)(3).

[140] *Hyundai.*, 926 F.3d at 556.

[141] *Id.* at 557-58, quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620-21, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997); *Jabbari v. Farmer*, 965 F.3d 1001, 1005-07 (9th Cir. 2020) (same).

[142] *See e.g.*, *Fleming v. Matco Tools Corp.*, No. 19-cv-00463-WHO, 2021 U.S. Dist. LEXIS 33513, at *8 (N.D. Cal. Feb. 21, 2021), citing cases.

[143] Grover Decl. at ¶ 39.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1    Also, the proposed class definition is tailored to include only those former and current

2    employees who were or are subject to Defendant's conduct, policies and practices that are at issue

3    in this case and their identities are easily ascertainable from Defendant's records.[144]

4                          **b.  Common questions of law and fact exist in this action.**

5    Rule 23(a)(1) is met when there is even a single question of law or fact common to the

6    class.[145]  Here, the proposed Class Members' claims all stem from a common set of

7    circumstances.  All of the proposed Class Members worked for CTS on-site at locations in

8    California and were union members paid on an hourly basis during the Class Period.  Plaintiffs

9    allege that all Class Members were subject to Defendant's uniform practices and policies

10   regarding pay for pre-shift and post-shift work, meal periods, and termination pay.[146]  Those

11   uniform policies and practices are at the core of Plaintiffs' allegations that Defendant violated the

12   Labor Code and Business & Profession Code.[147]  All Class Members seek the same legal

13   remedies under the same state laws.[148]  Those circumstances raise questions of law and fact that

14   are common to all proposed Class Members.

15                          **c.  The proposed Class Representatives' claims are typical of the Class'
                                 claims.**

16   Typicality is satisfied if the named plaintiff's claims "are reasonably co-extensive with

17   those of absent class members; they need not be substantially identical."[149]  Here, Plaintiffs Sica

18   and Ellis, the proposed Class Representatives, like all proposed Class Members, worked on-site

19   for Defendant in California, were in a union, were paid hourly, and were subject to Defendant's

20   alleged uniform wage and meal period policies and practices during the Class Period.[150]  Thus,

21

22   [144] Grover Decl. at ¶ 39. *See Hyundai*, 926 F.3d at 557-58 (in the settlement context, protecting
     absentee class members from overbroad class definitions is a key concern).

23
     [145] Rule 23(a)(1); *Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1133 (9th Cir. 2016),
24   quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359, 131 S. Ct. 2541, 180 L. Ed. 2d 374
     (2011) (internal alterations and some quotations omitted)).

25   [146] *See* Dkt. 15 at ¶¶ 9-20.

26   [147] *See* Dkt. 15 at ¶¶ 9-21, 23, 28, 31, 34-60; Grover Decl. at ¶ 40.

27   [148] *See* Dkt. 15 at ¶¶ 34-60 and Prayer for Relief; Grover Decl. at ¶ 40.

     [149] *Hanlon*, 150 F.3d at 1020; Rule 23(a)(3).
28
     [150] *See* Dkt. 15 at ¶¶ 4-5, 7-8, 10, 12-21, 24; Grover Decl. at ¶ 41.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

Plaintiffs' claims arise from the same course of conduct from which the proposed Class Members' claims arise.[151]

### d. The proposed Class Representatives will adequately represent the Class.

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class," which means that the proposed class representatives and their counsel have no conflicts of interest with the class members and must vigorously prosecute the action on their behalf.[152]  Neither Plaintiffs nor their Counsel have conflicts with any proposed Class Member.[153]  Plaintiffs have demonstrated that they will aggressively and competently assert the interests of the proposed Class and have retained competent counsel who are highly experienced in litigating employment-based class action claims under California law.[154]

### 2. Rule 23(b)(3)'s requirements are satisfied.

### a. Common questions will predominate over individual questions.

Rule 23(b)(3) requires that the common questions "predominate over any questions affecting only individual members."[155]  "If a common question will drive the resolution" of the action, "even if there are important questions affecting only individual members, then the class is 'sufficiently cohesive to warrant adjudication by representation.'"[156]

Here, the common questions regarding Defendant's alleged uniform policies and practices pertaining to pre-shift and post-shift pay, meal periods and termination pay will drive the determination of its alleged liability to the proposed Class.[157]  The key fact questions, *i.e.*, what were Defendant's policies and practices regarding pre-shift and post-shift pay, meal periods and termination pay, and the key legal questions, *i.e.*, whether its conduct under the policies and

---

[151] Grover Decl. at ¶ 41.

[152] Rule 23(a)(4); *see Hanlon*, 150 F.3d at 1020.

[153] Grover Decl. at ¶ 42.

[154] *See* Grover Decl. at ¶¶ 2-4, 17, 42; Bernstein Decl. at ¶ 2, Ex.1; Dkt. 15 at ¶ 24.

[155] Rule 23(b)(3).  *See*, *Jabbari*, 965 F.3d at 1007 (noting "the general rule that predominance is easier to satisfy in the settlement context," reviewing Supreme Court and Ninth Circuit case law).

[156] *Jabbari*, 965 F.3d at 1005, quoting *Amchem*, 521 U.S. at 623-24.

[157] Grover Decl. at ¶ 43; Dkt. 15 at ¶¶ 9-21, 23, 28, 31.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

practices violated Labor Code §§ 201-203, 226.7, 512 or 1194 are common and will drive the resolution of Defendant's alleged liability to the proposed Class.  Predominance thus is satisfied for purposes of certifying the Class for settlement.

### b.  A class action is the superior method for adjudicating this action.

A class action must be superior to "other available methods for fairly and efficiently adjudicating the controversy."[158]  In this case, Class Members do not have a strong interest in controlling their individual claims.  Indeed, the individual prosecution of the claims, if it were to occur, would be identical to and duplicative of the class action litigation.  A class action also will resolve many identical claims efficiently at one time, avoiding a waste of judicial resources and eliminating the possibility of conflicting decisions.[159] Also, when the proposed class includes the defendant's current employees, as here, "class actions are preferred in wage-and-hour actions when individual employees may forgo pursuing their claims due to fear of retaliation."[160]

## V.    CONCLUSION

Based on the foregoing, Plaintiffs request that this Court grant preliminary approval of the Settlement consistent with the terms of the Settlement Agreement, and enter an order conditionally certifying the proposed Class for settlement purposes and requiring notice procedures and a final approval hearing consistent with Plaintiffs' proposed schedule, as provided in the proposed order submitted herewith.

Dated:  July 27, 2021            **KELLER GROVER LLP**

By:   */s/ Eric A. Grover*
ERIC A. GROVER
ROBERT SPENCER
*Attorneys for Plaintiffs*

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

---

[158] Rule 23(b)(3)(A)-(D) (listing factors).

[159] Grover Decl. at ¶ 44.

[160] *Toolajian*, 2020 U.S. Dist. LEXIS 250904, at *18 (internal citations omitted).