ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
ROBERT W. SPENCER (SBN 238491)
rspencer@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861

SCOT BERNSTEIN (SBN 94915)
swampadero@sbernsteinlaw.com
**LAW OFFICES OF SCOT D. BERNSTEIN,
A PROFESSIONAL CORPORATION**
101 Parkshore Drive, Suite 100
Folsom, California 95630
Telephone: (916) 447-0100
Facsimile: (916) 933-5533

Attorneys for Plaintiffs
FRANK SICA and GARY ELLIS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANK SICA and GARY ELLIS, on behalf of themselves, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CONSTRUCTION & TURNAROUND SERVICES, L.L.C.; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No: 4:21-cv-0188-JSW<br><br>CLASS ACTION<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** AS MODIFIED<br><br>Date:     September 3, 2021<br>Time:    9:00 a.m.<br>Ctrm:    5<br>Judge:   Jeffrey S. White<br><br>Complaint Filed:  October 20, 2020<br>Removal Date:    January 8, 2021<br>FAC filed:           January 27, 2021 |

Plaintiffs Frank Sica and Gary Ellis ("Class Representatives" or "Plaintiffs") and Defendant Construction & Turnaround Services, L.L.C. ("CTS" or "Defendant") have entered into a "Joint Stipulation of Class Action Settlement and Release of Claims" (the "Settlement Agreement") which, if approved, would resolve this putative class action. Upon review and consideration of the motion papers submitted by the parties, including the Settlement Agreement and all exhibits thereto, the Court determines and orders as follows:

1. The Court has jurisdiction over this matter and venue is proper.

2. This action is provisionally certified as a class action, for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23. The settlement Class is defined as follows: "All current and former hourly non-exempt unionized on-site employees who worked for Defendant in California during the Class Period." The Class Period is defined as October 26, 2016 through January 31, 2020, inclusive.

3. The Court preliminarily approves the proposed settlement as set forth in the Settlement Agreement as within the range of possible final approval.

4. The Court preliminarily appoints Keller Grover LLP and the Law Offices of Scot D. Bernstein, A Professional Corporation, as Class Counsel.

5. The Court preliminarily appoints Frank Sica and Gary Ellis as Class Representatives for the settlement Class.

6. The Court preliminarily finds, for purposes of this settlement only, that the Class Representatives and Class Counsel fairly and adequately represent and protect the interests of the absent Class Members.

7. The Court approves and appoints Phoenix Settlement Administrators to serve as the Settlement Administrator and directs Phoenix Settlement Administrators to carry out all duties and responsibilities of the Settlement Administrator specified in the Settlement Agreement.

8. Pursuant to Federal Rule of Civil Procedure 23, the Court approves the manner of class notice set forth in the Settlement Agreement. The Court approves the form and content of the notice form proposed by counsel, specifically the Notice of Class Action Settlement (the

"Notice"), which is attached to the Settlement Agreement as Exhibit 1. The Court finds that the Notice constitutes the best notice practicable under the circumstances and is valid, due and sufficient notice to the Class of the pendency of the action, preliminary certification of the Class, the terms of the settlement, procedures to become a settlement Class Member (as defined in the Settlement Agreement), procedures for objecting to the settlement, procedures to opt out of the settlement, and the time and place of the Final Approval Hearing. The proposed manner of class notice satisfies the requirements of due process, and complies with applicable law, including Federal Rule of Civil Procedure 23.

9. No later than 21 calendar days after this Order is entered by the Court, and only after Defendant receives sufficient and reasonable assurance that the Settlement Administrator will maintain the confidentiality of the Class Data, Defendant shall provide the Settlement Administrator with the Class Data, as defined in the Settlement Agreement section I.E, for purposes of preparing and mailing the Notice of Class Action Settlement to Class Members, as well as undertaking its other obligations. The Class Data shall be formatted as a Microsoft Excel spreadsheet and shall include all of the following information: (i) each Class Member's full name; (ii) each Class Member's last-known address; (iii) each Class Member's Social Security and Employee ID numbers; and (iv) the number of hours worked by each Class Member during the Class Period. The Settlement Administrator shall be obligated to keep the Class Data confidential and shall take reasonable and necessary precautions to maintain the confidentiality of the data. The Settlement Administrator shall not distribute or use the Class Data or any information contained therein for any purpose other than to administer this settlement.

10. Within 14 calendar days after receiving the Class Data, the Settlement Administrator shall send Class Members, by first-class mail to their last known addresses, the Court-approved Notice. The Settlement Administrator will perform address updates and verifications as necessary prior to the first mailing.

/ /

/ /

11. If any Notice is returned as undeliverable, the Settlement Administrator shall perform skip-traces on returned mail and will re-mail the Notices to updated addresses (if any) as soon as possible upon return of the undeliverable Notices.

12. Class Members who wish to receive a settlement payment are not required to submit a claim form.

13. Any Class Member who seeks exclusion from the Class must send a signed, written request to be excluded from the settlement ("Request for Exclusion") via mail to the address specified in the Notice that must be postmarked no later than 45 calendar days after the date the Notice is first mailed by the Settlement Administrator (the "Response Deadline"), as described in the Settlement Agreement section III.J.7. The postmark date on the Request for Exclusion envelope shall be the exclusive means used to determine whether the Request for Exclusion was timely submitted. The Request for Exclusion must (a) contain the Class Member's first and last name, address, last four digits of Social Security number or employee identification number, and signature; and (b) contain a handwritten or typed notice stating in substance: "I wish to opt out of the settlement of the class action lawsuit entitled *Sica and Ellis v. Construction & Turnaround Services.*"

14. Any Class Member who seeks to object to the settlement must send a written statement of objection ("Notice of Objection") to the address specified in the Notice which must be postmarked no later than the Response Deadline, as described in the Settlement Agreement section III.J.8. The postmark date of mailing shall be deemed to be the exclusive means for determining whether a Notice of Objection was timely submitted. In order for an objection to be complete it must be signed by the Class Member and state: (a) the case name and number; (b) the Class Member's name; (c) the address of the Class Member; (d) the last four digits of the Class Member's Social Security number or Employee ID number; (e) the basis for the objection and any supporting documents; and (f) whether or not the Class Member intends to appear at the final approval hearing.

15. Plaintiffs shall file their motion for final approval and motion applying for awards of attorneys' fees and costs, the Class Representative Incentive Awards and General

Release Payments and settlement administration costs no later than 14 days prior to the Response Deadline.

16. The Final Approval Hearing shall be held on January 7, 2022, at 9:00 a.m. ___.m. in this Court at 1301 Clay Street, Courtroom 5, 2nd Floor, Oakland, California, 94612, at which the Court will determine whether the settlement should be finally approved as a fair, reasonable, and adequate to the Class Members; whether the Final Approval Order and Judgment should be entered; whether Class Counsel's application for attorneys' fees and expenses should be approved; whether the requests for Class Representatives' incentive awards should be approved; and whether the request for the payment of administration costs should be approved.

17. The Court reserves the right to modify the date of the Final Approval Hearing and related deadlines set forth herein. The Final Approval Hearing may be postponed, adjourned or continued by Order of the Court without further notice to the Class.

18. Pending the final determination of whether the settlement should be approved, all proceedings in the action, except as necessary to implement the settlement or comply with the terms of the Settlement Agreement or this Order, are hereby stayed.

19. Should, for whatever reason, the settlement not become final, the fact that the Parties were willing to stipulate to certification of the Class as part of the settlement shall have no bearing on, nor be admissible in connection with, the issue of whether a class should be certified in a non-settlement context.

20. In the event the settlement is not finally approved or is terminated, canceled or fails to become effective for any reason, the Parties will be returned to their former positions, and specifically the provisional certification will be of no effect.

The preliminary approval hearing set for September 3, 2021, is HEREBY VACATED.

**IT IS SO ORDERED.**

Dated: August 18, 2021

_____
THE HONORABLE JEFFREY S. WHITE
United States Court District Judge