UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK SICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CONSTRUCTION & TURNAROUND SERVICES, L.L.C., <br><br> Defendant. | Case No. 21-cv-00188-JSW <br><br> **ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND INCENTIVE AWARDS AND ENTERING FINAL JUDGMENT** <br><br> Re: Dkt. Nos. 31, 32 |

This matter comes before the Court on consideration of the motions for final approval of a class action settlement (the "Settlement") and for attorneys' fees, costs, and incentive awards, filed by Plaintiffs Frank Sica and Gary Ellis ("Plaintiffs"). Defendant Construction & Turnaround Services, L.L.C. ("Defendant") does not oppose the motions. The Court has considered the parties' papers, relevant legal authority, the lack of objections to the Settlement, and the record in this case. The Court has also considered the parties' arguments at the fairness hearing held on January 7, 2022.

For the following reasons, the Court HEREBY GRANTS Plaintiff's motion for final approval and GRANTS the motion for attorneys' fees, costs, and incentive awards.

**BACKGROUND**

On October 26, 2020, Plaintiffs filed the original complaint in this putative class action in Alameda County Superior Court. (Dkt. No. 1.) On January 8, 2021, Defendant removed the matter to this Court. (*Id*.) Plaintiffs allege that Defendant's meal and wage period policies and practices violated California Labor Code sections 201-2103, 226.7, 512, and 1194, and they bring their claims on behalf of current and former hourly-paid California employees of Defendant. On January 15, 2021, Defendant moved to dismiss Plaintiff's complaint for failure to state a claim.

(Dkt. No. 8.) In response, Plaintiffs filed the first amended complaint on January 27, 2021. (Dkt. No. 15). Defendant answered the FAC on February 10, 2020. (Dkt. No. 18.) The parties agreed to an early mediation and stipulated to stay the initial case management conference because they had settled the case at mediation.

On August 18, 2021, the Court preliminary approved the Settlement Agreement, preliminarily appointed Frank Sica and Gary Ellis as the Class Representatives for the Settlement Class Members and Keller Grove LLP and the Law Offices of Scot D. Bernstein, A Professional Corporation, as Class Counsel. (Dkt. No. 29, Preliminary Approval Order.) The Court also preliminarily approved a settlement class consisting of: All current and former hourly non-exempt unionized on-site employees who worked for Defendant in California during the Class Period. The Class Period is defined as October 26, 2016 through January 31, 2020. (*Id.* at ¶ 2.)

Pursuant to the notice requirements in the Settlement Agreement and the Preliminary Approval Order, Phoenix Settlement Administrators ("PSA") began to provide Notice to Settlement Class Members on or about September 16, 2021. (*See* Dkt. No. 31-1, Declaration of Taylor Mitzner, ¶ 6.) On October 15, 2021, Plaintiffs filed their motion for final approval of the Settlement and filed the motion for attorneys' fees, costs, and incentive awards.

All capitalized terms used herein shall have the same meanings as given them in the Joint Stipulation of Class Action Settlement and Release of Claims (the "Settlement Agreement") entered into by Plaintiffs and Defendant, which is attached as Exhibit A to the Declaration of Eric A. Grover filed in support of Plaintiffs' motions, and incorporated herein by reference. (Dkt. No. 32-1, Ex. A.)

The Court shall address additional facts as necessary in the analysis.

## ANALYSIS

**A.     The Court Grants the Motion for Final Approval.**

    **1.     Subject Matter Jurisdiction.**

The Court has jurisdiction over this action pursuant to CAFA, 28 U.S.C. section 1332(d)(2).

//

### 2. Settlement Class Certification.

The Court hereby unconditionally certifies, pursuant to Federal Rule of Civil Procedure 23, the following class for settlement purposes only: "All current and former hourly non-exempt unionized on-site employees who worked for Defendant in California during the Class Period." The Class Period is defined as October 26, 2016 through January 31, 2020, inclusive.

### 3. Notice, Objections, and Requests for Exclusion.

"Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998). Under Federal Rule of Civil Procedure 23(e), the Court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). Rule 23(c)(2)(B) requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." The notice must "clearly and concisely state in plain, easily understood language" the nature of the action, the class definition, and the class members' right to exclude themselves from the class. Fed. R. Civ. P. 23(c)(2)(B). Although Rule 23 requires that reasonable efforts be made to reach all class members, it does not require that each class member actually receive notice. *See Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994) (noting that the standard for class notice is "best practicable" notice, not "actually received" notice).

The Court finds that distribution of notice of the settlement directed to the Class Members as set forth in the Settlement Agreement has been completed in conformity with the Preliminary Approval Order. PSA received a list of 745 current and former hourly non-exempt unionized on-site employees of Defendant who are considered Settlement Class Members. (Mitzner Decl. at ¶ 3.) PSA mailed notice via U.S. first class mail to each of the 745 Settlement Class Members, and 33 notices were returned to PSA. (*Id*. at ¶ 6.) For the 33 returned notices, two were returned with a forwarding address. For the remaining 31 returned notice, PSA used a comprehensive address database to located current mailing addresses for 25 of the returned notices and re-mailed those notices. (Dkt. No. 36, Suppl. Mitzner Decl. at ¶ 3.) As of December 21, 2021, only eight notices were considered undeliverable. (Dkt. No. 37, Suppl. Mitzner Decl. at ¶ 3.) As of January 7, 2022,

no Class Member has requested exclusion from the settlement, objected to the settlement or the proposed award of attorneys' fees, costs, or incentive awards, or disputed the number of qualified hours. (*Id*. at ¶¶ 4-6.) As there were no Class Members who requested exclusion from the settlement, all Settlement Class Members and all Released Claims are covered by and included within the settlement and within this Order granting final approval.

In light of these facts, the Court finds that the parties have sufficiently provided the best practicable notice to the Settlement Class Members.

### 4. The Relevant Factors Weigh in Favor of Concluding the Settlement is Fair, Reasonable, and Adequate.

Federal Rule of Civil Procedure 23(e) permits a court to approve a settlement that will bind a class "only on finding that it is fair, reasonable, and adequate after considering" a number of factors. Fed. R. Civ. P. 23(e)(2); *see also Hanlon*, 150 F.3d at 1026. The factors the Court must consider are whether:

> the class representatives and class counsel have adequately represented the class; the proposal was negotiated at arm's length; the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2)(A)-(D). Further, the court "may consider some or all" of the following factors:

> (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement.

*Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009); *see also Hanlon*, 150 F.3d at 1026. "The relative degree of importance to be attached to any particular factor" is case specific. *Officers for Just. v. Civ. Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 625 (9th

4

Cir. 1982).

Based on the record as a whole, the Court finds that the relevant factors support a finding that the Settlement is fair, adequate, and reasonable. Class Counsel and the named Plaintiffs have adequately represented the Settlement Class Members. The Court hereby confirms Keller Grover LLP and the Law Offices of Scot D. Bernstein, A Professional Corporation, as Class Counsel. The Court further concludes that the settlement has been reached as a result of intensive, serious, and non-collusive arm's-length negotiations conducted with the assistance of Mark LeHocky, Esq. during a mediation session conducted on June 15, 2021.

The Court has also considered the nature of the claims, the amounts and kinds of benefits paid in settlement, the allocation of settlement proceeds among the Settlement Class Members, and the fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. To settle the action, Defendant is required to pay a Maximum Settlement Amount ("MSA") of $465,000.00, plus Defendant's share of payroll taxes. After subtracting out the amounts allocated to Class Counsel's award of fees and costs, the Class Representative Incentive Awards and General Release Payments, and the settlement administration funds, the remaining funds, referred to as the Net Settlement Amount, will be distributed in full to the Settlement Class Members. Each Class Member will receive a minimum payment of $25.00. The highest individual gross settlement payment will be approximately $3,384.66 and the average individual gross settlement payment will be approximately $432.55. Defendant has no reversionary interest in the MSA. Accordingly, the Court also finds that relief provided for the class is adequate. Additionally, the Court finds that the terms of the Settlement Agreement have no obvious deficiencies and do not improperly grant preferential treatment to any individual Class Member. There have been no objections to the Settlement, and the favorable reaction also favors granting the motion.

The Court concludes the Settlement is fair, reasonable, adequate and in the best interests of Settlement Class Members, and it GRANTS Plaintiffs' motion for final approval.

**B.     The Court Grants the Motion for Fees, Costs, and Service Award.**

The Court has an "independent obligation" to ensure Plaintiffs' fee request is reasonable.

*See, e.g., In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). Plaintiffs' claims are based on state law, and the Court applies state law with respect to the fee request. *See, e.g., Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). In a common fund case, district courts may use either the percentage-of-the-fund method or the lodestar method to calculate an appropriate attorneys' fee award. *Id*. When applying the percentage-of-the-fund method, an attorneys' fee award of "twenty-five percent is the 'benchmark' that district courts should award." *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (citing *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)). Even when courts employ the percentage of recovery method, a lodestar crosscheck on the reasonableness of the fee is often performed. *Vizcaino*, 290 F.3d at 1047. Any class member must be allowed an opportunity to object to the fee motion itself, aside from any objection the class member may have to the preliminary notice that such a motion will be filed. *See In re Mercury Interactive Corp. Sec. Litig.* 618 F.3d 988, 993-95 (9th Cir. 2010).

In their motion, Class Counsel requests fees in the amount of $116,250.00. This is request is 25% of the settlement fund, which means that it is consistent with the established benchmark for class action fee awards. The Court finds the requested award of attorneys' fees is reasonable appropriate in light of the work that Class Counsel performed in the case, the contingent nature of the action, and the results achieved.

A lodestar cross-check also supports the reasonableness of the requested fee award. Plaintiffs' lodestar of $186,840.00 reflects approximately 250 hours of billable time. This includes hourly rates of $900 for partners and between $625-$650 for senior associates and of counsel. Class Counsel sufficiently supported their attorneys' fee request with declarations and billing records. The Court has reviewed the hourly rates and hours worked and finds them reasonable.

The Court approves the request of $116,250.00 in attorneys' fees. The payment of fees to Class Counsel shall be made in accordance with the terms of the Settlement.

**C.     The Court Grants the Request for Costs.**

Class Counsel seeks $7,537.67 in costs and litigation expenses, which encompasses fees

6

1  for mediation fees, filing fees, courier charges, legal research fees, parking costs, meal costs, and
2  postage costs.  The Court finds the request reasonable and approves the request of $7,537.67 in
3  attorneys' fees.  The payment of costs to Class Counsel shall be made in accordance with the
4  terms of the Settlement Agreement.

5  **D.     The Court Grants Plaintiffs' Request for an Incentive Award.**

6  Finally, Plaintiffs move for an incentive award and general release payment in the amount
7  of $5,000 to Plaintiff Sica and in the amount of $5,000 to Plaintiff Ellis.  "Incentive awards are
8  fairly typical in class action cases."  *Rodriguez*, 563 F.3d at 958.  The decision to approve such an
9  award is a matter within the Court's discretion.  *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454,
10 463 (9th Cir. 2000).  An incentive award is designed to "compensate class representatives for
11 work done on behalf of the class, to make up for financial or reputational risk undertaken in
12 bringing the action, and, sometimes, to recognize their willingness to act as a private attorney
13 general."  *Rodriguez*, 563 F.3d at 958-59.  "[D]istrict courts must be vigilant in scrutinizing all
14 incentive awards to determine whether they destroy the adequacy of the class representatives. ...
15 [C]oncerns over potential conflicts may be especially pressing where, ... the proposed service fees
16 greatly exceed the payments to absent class members."  *Radcliffe v. Experian Info. Sols., Inc.*, 715
17 F.3d 1157, 1165 (9th Cir. 2013) (internal citation and quotation marks omitted).

18 In wage and hour cases, many courts in this district have held that a $5,000 incentive
19 award is "presumptively reasonable."  *See, e.g., Harris v. Vector Mktg. Corp.*, No. 08-cv-5198-
20 EMC, 2012 WL 381202, at *7 (N.D. Cal. Feb. 6, 2012) (observing that "as a general matter,
21 $5,000 is a reasonable amount"); *Smith v. Am. Greetings Corp.*, No. 14-CV-02577-JST, 2016 WL
22 362395, at *11 (N.D. Cal. Jan. 29, 2016) (awarding $5,000); *Odrick v. UnionBanCal Corp.*, No. C
23 10-5565 SBA, 2012 WL 6019495, at *7 (N.D. Cal. Dec. 3, 2012) (same).  Incentive awards may
24 also be especially appropriate in wage and hour class actions, where a named plaintiff undertakes
25 "a significant 'reputational risk' in bringing [an] action against [plaintiff's] former employer."
26 *Covillo v. Specialty's Café*, No. C-11-00594 DMR, 2014 WL 954516, at *8 (N.D. Cal. Mar. 6,
27 2014) (citing *Rodriguez*, 563 F.3d at 958-59).

28 Here, Plaintiff Sica and Plaintiff Ellis attest that they have spent several hours on this

litigation and have worked with Class Counsel in litigating this case. (*See* Dkt. No. 32-2; Dkt. No. 33.) They further attest that they were concerned about the reputational risk and potential repercussions of bringing this litigation. Based on the record, the Court finds the request of an incentive award and general release payment reasonable. The Court GRANTS the motion for incentive award and general release payment in the amount of $5,000 each to Plaintiff Sica and Plaintiff Ellis. The payment of the incentive awards and general release payments shall be made in accordance with the terms of the Settlement Agreement.

### E.   The Court Grants the Request for PSA's Fees.

In the preliminary approval process, the Court tentatively approved the payment to PSA of up to $10,000 to perform the duties required to administer the settlement. PSA has calculated that its actual costs of administering the settlement will not exceed $8,000. Accordingly, Class Counsel request the Court approve payment in the amount of $8,000 to PSA for settlement administration services in this matter. The Court GRANTS the request.

### CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motions for final approval and motion for attorneys' fees, costs, and incentive awards.

IT IS FURTHER ORDERED:

The Court directs the Parties and the Settlement Administrator to effectuate the settlement according to the terms set forth in the Settlement Agreement and this Final Approval Order and Judgment.

The Court approves the distribution of the Net Settlement Amount to Settlement Class Members in accordance with the terms of the Settlement Agreement. Within 14 calendar days of the Effective Date of the Settlement Agreement, Defendant shall deposit into the Qualified Settlement Fund established by PSA the $465,000 Maximum Settlement Amount, plus Defendant's share of the payroll taxes. PSA shall disburse the settlement funds in accordance with this Final Approval Order and Judgment and the terms of the Settlement Agreement.

The Court approves the payment of any residual funds to Legal Aid at Work, the parties' selected *cy pres* beneficiary and a 501(c)(3) organization that provides low-wage workers with

legal representation, education and policy advocacy to enforce and strengthen workers' rights. The Court finds that having Legal Aid at Work as the cy pres beneficiary is "next best use" to giving the funds to the Settlement Class Members as it is related to the lawsuit's subject matter and the class. *Romero v. Perryman (In re Easysaver Rewards Litig.)*, 906 F.3d 747, 761 (9th Cir. 2018).

If this settlement does not become final and effective in accordance with the terms of the Settlement Agreement, this Final Approval Order and Judgment and all orders entered in connection herewith, shall be vacated and shall have no further force or effect.

This Final Approval Order and Judgment shall have a res judicata effect and bar each named Plaintiff and each Settlement Class Member from bringing any action asserting any Released Claims against any of the Released Parties.

This Court shall retain jurisdiction to enforce the terms of the Settlement Agreement and this Final Approval Order and Judgment.

The Court hereby DISMISSES this action WITH PREJUDICE, and HEREIN ENTERS JUDGMENT in this matter. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 7, 2022

_____
JEFFREY S. WHITE
United States District Judge